37446. WHITAKER *et al. v.* CREEDON.

Decided March 9, 1959.

John L. *Westmoreland, John L. Westmoreland, Jr., Claude R. Ross,* for plaintiffs in error.

*W. R. Bentley, J. Walter LeCraw,* contra.

QUILLIAN, Judge. ■ Where, on an appeal to this court in which error is assigned on the denial of a motion for new trial, counsel for the appellant expressly abandons a special ground of such motion—as was done by counsel with respect to special ground 1—; or, where, in a special ground of such motion, counsel merely relates certain facts without assigning any ruling of the trial court as error—as was the case in special ground 6— such grounds present no questions for adjudication by this court. *Wilcher* v. *State,* 87 *Ga. App.* 93 (73 S. E. 2d 57); *Citizens Banking Co.* v. *Paris,* 119 *Ga.* 517, 518 (46 S. E. 638).

■ Having acquiesced in the trial court's refusal to grant a mistrial on his motion, founded on the theory that the plaintiff's improper characterization of one of the defendants and the defendant's former attorney as "two men disguised as thieves" made it impossible for the defendants to obtain a fair trial as any effort to eradicate the impropriety would only serve to accentuate the plaintiff's improper description of that defendant and the former attorney, counsel for the defendants moved the court to instruct the jury not to consider the testimony and to reprimand the plaintiff for making such a statement in the presence of the jury. With this latter request and motion the court complied in these words: "Gentlemen of the jury, this last state-

ment that was made in your presence by the witness, a voluntary statement not in response to any question asked her by counsel, was highly improper. It has nothing to do with this case. It was improper for her to make such a statement in your presence or in the presence of the court. I publicly reprimand her for making such a statement and direct that you disabuse your minds of the statement and eliminate it from your mind completely as if the statement had never been made in your presence. Be very careful, young lady, in the future, you only answer questions and not volunteer your own opinions about things." The error assigned in this ground of the motion for a new trial (special ground 2) is that "it is improbable that the court's instructions to the jury to disregard said remark and the court's rebuke of plaintiff eradicated the effect of said remark on the jury. Said remark affected the jury adversely towards movants and the failure of the court to grant movants' motion for mistrial was error, harmful and prejudicial to movants and requires the grant of a new trial." It is not made to appear in this ground that, following the movants' acquiescence in the trial court's refusal to grant the mistrial originally urged, which constituted a waiver of that motion, any motion was urged, or denied by the court, on the ground that the instruction and rebuke requested by movants, and given by the court, had failed to eradicate the effect of the improper remark by the plaintiff. This ground, consequently, presents no question for decision, having never been urged before, or ruled on by, the trial court. *Mewborn* v. *Weitzer*, 15 *Ga. App.* 668 (2) (84 S. E. 141).

■■ Under the state of the pleadings in Count 1 of the petition as they existed at the time of the trial, it was material for the plaintiff to establish that the criminal proceeding against her husband had terminated. It is alleged in that count that she deposited the money with the defendants as "security" to get her husband out of jail and that "there is no longer any need for the said money to remain in the hands of defendants, the complaint and case upon which Paul A. Creedon was arrested having been terminated." No more effective procedure could have been pursued by the plaintiff in establishing the termination of the criminal case against her husband than the introduc-

tion of the certified copy of the verdict in that case in which the jury found him not guilty. Not only was this evidence admissible to prove the fact of termination of the case as alleged in the petition (*Atlantic Coast Line R. Co.* v. *Anderson,* 35 *Ga. App.* 292 (2) 133 S. E. 63, and cit.); the evidence was admissible as tending to establish the plaintiff's right to have the money returned to her under the theory upon which Count 1 is predicated.

■ As the verdict in the criminal case against the plaintiff's husband was clearly admissible, its introduction in evidence can constitute no basis for the grant of a mistrial.

■ "Where evidence is admissible for one purpose it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, in the absence of a request to so instruct the jury." *Willis Lumber Co.* v. *Roddenbery,* 88 *Ga. App.* 352, 358 (77 S. E. 2d 110), and cit. From this ground of the motion for a new trial, it appears that at the time the verdict in the criminal case against the plaintiff's husband was sought to be introduced, the court, in the presence of the jury, overruled the defendant's objection to the evidence in these words: "All right, I am of the opinion that it is admissible, showing the termination of the—proving the allegations made in the petition. I admit it." If counsel for the defendants wished the court to circumscribe and restrict the purpose for which the evidence was introduced, a timely request to so charge the jury should have been presented.

There is no merit in special grounds 3, 4 or 5 of the motion for new trial.

■ The jury did not specify upon which count of the petition the verdict was rendered, and, consequently the verdict is not subject to attack if authorized by the evidence under either of the two counts. *Williams* v. *Smith,* 71 *Ga. App.* 632 (31 S. E. 2d 873). It was admitted that the plaintiff paid over to the defendants the sum of $4,000, but the evidence as to the terms under which the money was paid was in sharp conflict, and while the major controversy involved the question of whether the money paid to the defendants belonged to the plaintiff or to her husband, there was sufficient evidence to authorize the jury to find that a least half the money belonged to the plaintiff and that

she either paid over the money as "security" to effect her husband's release from jail or that the money was paid to the defendants on a debt owed by her husband to the defendants. The general grounds of the motion for new trial are without merit.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*