## 27380. HARPER v. HARPER.

UNDERCOFLER, Justice. This is an action by an elderly father to set aside for fraud, undue influence, and mental incapacity a deed given to his son. The jury rendered a verdict for the father. The son appeals from the denial of his motion for new trial. *Held:*

1. The evidence as to fraud and undue influence is sufficient to support the verdict. "Slight evidence of fraud and undue influence may authorize the jury to cancel the deed . . ." *Arnold v. Freeman,* 181 Ga. 654, 659 (183 SE 811).

2. Appellant contends that appellee came into court with "unclean hands" and therefore this suit is not maintainable because the deed was made for the purpose of de-

feating any claim against his estate after his death by his wife from whom he had been separated for twenty-nine years. *Code* § 37-104. The evidence shows that in addition to the property described in the deed the appellee owned $20,000 worth of personal property. Under these circumstances we find no inequity in the appellee's attempt to dispose of a portion of his property prior to his death. There is no merit in this contention.

3. Appellant contends that the court erred in allowing, over objection, one witness to testify as to appellee's condition at a time too remote from the signing of the deed on December 1, 1970. The witness testified that he saw appellee in August, 1970, and in January, 1971, and on both occasions "he appeared to be in a daze or a state of shock." The court instructed the jury, "this witness is not testifying as to what his condition was on December 1st and there is no presumption or no evidence there that the condition of December 1st continued or did not continue until the time the witness is testifying about." In our opinion the testimony was admissible especially in view of the court's instructions. "In testing mental capacity and in investigating fraud and undue influence upon old and feeble persons courts are very liberal in admitting evidence. Anything calculated to throw light upon the intention of the grantor or upon his mental condition is, in such an investigation, generally admissible." *Cato v. Hunt,* 112 Ga. 139, 142 (37 SE 183); *Petty v. Folsom,* 229 Ga. 477 (1) (192 SE2d 246).

4. The evidence as to mental incapacity was sufficient to support the verdict.

5. The trial court did not err in denying the motion for new trial or in refusing to direct a verdict for the appellant.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1972—DECIDED OCTOBER 5, 1972.

*Harrison & Garner, G. Hughel Harrison,* for appellant.
*Lucian Lamar Sneed, John F. Davis, Jr.,* for appellee.