65957. KLORER-WILLHARDT, INC. v. MARTZ et al.
65958. GRANE AVIATION, INC. v. MARTZ et al.

BANKE, Judge.
Plaintiffs Charles R. Martz and Kenneth P. Bottoms filed this action against Grane Aviation, Inc., and Klorer-Willhardt, Inc., to

recover $10,000 allegedly paid to Grane as a deposit on the purchase of an airplane owned by Klorer. According to the complaint, Grane accepted the $10,000 after negotiating a sale agreement with Martz on Klorer's behalf which was contingent on three conditions: The plaintiffs' ability to obtain satisfactory financing, certification of the airplane as being airworthy, and Martz's being given ground school and other training by Grane. The complaint alleges that Grane subsequently paid half the $10,000 to Klorer and that although none of the conditions precedent were met, the two defendants refused to return the money on demand. The defendants denied liability and counterclaimed for damages for fraud and breach of contract. These appeals are from a grant of partial summary judgment awarding the plaintiffs $5,000 from each defendant. The appeals were originally directed to the Supreme Court due to an apparent belief on the defendants' part that claims for equitable relief were involved, and the Supreme Court transferred the cases to this court. *Held:*

1. We cannot agree with the defendants' contention that plaintiff Bottoms must automatically be declared an improper party to prosecute this suit because the $5,000 contribution which he seeks to recover was made by a corporation rather than by him personally. Where a party desires to raise an issue as to the capacity or authority of a party to bring an action, he must do so by specific negative averment in his responsive pleadings. OCGA § 9-11-9 (a) (Code Ann. § 81A-109). Where it is claimed that the plaintiff has failed to join an indispensable party, the issue must be raised by motion to dismiss filed pursuant to OCGA § 9-11-19 (Code Ann. § 81A-119). Otherwise, such defenses are deemed waived. See *Dorsey Heating &c. Co. v. Gordon,* 162 Ga. App. 608, 610 (292 SE2d 452) (1982).

2. The grant of partial summary judgment was nevertheless improper, as material issues of fact clearly remain as to whether all the alleged conditions precedent to the contract for the sale of the airplane were met, and, if so, whether the defendants were thereby authorized to retain the $10,000 deposit as liquidated damages for the plaintiffs' failure to go through with the purchase. See generally OCGA § 9-11-56(c) (Code Ann. § 81A-156); *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429) (1973).

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 11, 1983 —
REHEARING DENIED APRIL 29, 1983 —

*Ronald L. Hilley,* for appellant (case no. 65957).
*Alan Armstrong,* for appellant (case no. 65958).

*W. Kent Bishop,* for appellees.