S97A0470. MATHIS et al. v. HAMMOND.
(486 SE2d 356)

BENHAM, Chief Justice.

Appellee Clyde Hammond, Sr., and the late Mae Mathis Hammond were married in 1979. Each came to the marriage as the parent of adult children from previous marriages, and each brought real property to the marriage. After their union, the couple purportedly executed a written agreement to make wills leaving to each party's adult children the property which that spouse brought to the mar-

riage. In 1988, Mr. Hammond executed a warranty deed by which he deeded his interest in certain real property he brought to the marriage to himself and Mrs. Hammond as joint tenants with right of survivorship. With the aid of an acquaintance who was not an attorney, Mrs. Hammond deeded her interest in that property to appellants, her children, in May 1993, when she was terminally ill and residing in her daughter's home, in a hospital bed set up in the living room. Mrs. Hammond died in September 1993, after having executed a will leaving her property to her children. Nine days after Mrs. Hammond's death, Mr. Hammond executed a deed with himself as grantor in which he deeded the survivorship interest to himself.

In light of the 1993 deed from Mrs. Hammond to her children, Mr. Hammond filed an action to remove a cloud on his title to the land, and named appellants as defendants. A jury returned a verdict finding that the warranty deed from Mrs. Hammond to her children was a cloud on Mr. Hammond's title, and the trial court entered a judgment canceling the deed which cast the cloud. Mrs. Hammond's children appeal the trial court's judgment.

1. Appellants preliminarily contend that Mrs. Hammond's estate was an indispensable party to Mr. Hammond's action and reversible error occurred when the trial court failed to join the estate. Pretermitting discussion of whether the estate is an indispensable party under OCGA § 9-11-19 to an action to remove a cloud on a title (see *North American Acceptance Corp. v. Ramey*, 217 Ga. 476 (123 SE2d 253) (1961), where, before enactment of the Civil Practice Act, the court ruled that the grantor of a security deed is an indispensable party in an action seeking cancellation of the deed), is the fact that appellants failed to raise the defense of failure to join an indispensable party by motion or defensive pleading, as is required by OCGA § 9-11-12. Failure to do so results in a waiver of the defense. *Klorer-Willhardt, Inc. v. Martz*, 166 Ga. App. 446 (304 SE2d 442) (1983). Contrary to their assertion on appeal, appellants' motion in limine to exclude evidence of the post-nuptial agreement executed by Mr. and Mrs. Hammond did not constitute a motion to dismiss for failure to join an indispensable party.

2. Since the enactment of OCGA § 44-6-190 in 1976, Georgia has recognized statutorily the creation of a joint tenancy with right of survivorship. It is undisputed that the 1988 deed from Mr. Hammond to himself and his wife as joint tenants with right of survivorship meets the statutory requirements to qualify as a joint tenancy with right of survivorship. The question for resolution is the effect on the right of survivorship, if any, of Mrs. Hammond's transfer during her lifetime of her interest in the joint tenancy. OCGA § 44-6-190 states that the joint tenancy estate or interest "may be severed as to the interest of any owner by the recording of an instrument which results

in his lifetime transfer of all or a part of his interest. . . ." It has been suggested that this provision of the Code section "may have injected confusion . . . [as it] . . . may have imported into the Georgia law a common law rule hitherto unknown here: the joint tenancy is terminated, and we have a mere tenancy in common between the remaining co-owners and the purchaser." 2 Pindar, Ga. Real Est. Law (4th ed.), § 19-13, n. 2. See also *Wallace v. Wallace*, 260 Ga. 400, 401, n. 4 (396 SE2d 208) (1990), where the court recognized that the effect on the right of survivorship of one joint tenant's alienation of his interest "is unclear."

3. Appellee sought to avoid whatever uncertainty resulted from Mrs. Hammond's lifetime transfer of her interest by asserting in his suit to remove the cloud upon his title to the land that the deed from Mrs. Hammond to her children should be canceled because it was procured by undue influence and was contrary to Mr. and Mrs. Hammond's post-nuptial agreement that the property each brought to the marriage would be left to the children of that person. Appellants contend they were erroneously denied a directed verdict because there was no evidence of undue influence. We will uphold the trial court's denial of the motion for directed verdict if there exists any evidence creating a question for the jury on the issue. *Skelton v. Skelton*, 251 Ga. 631 (5) (308 SE2d 838) (1983).

Generally, the question of undue influence is for the factfinder. *Wheeler v. Rowell*, 234 Ga. 403 (216 SE2d 301) (1975). "Undue influence may be shown by circumstantial evidence as well as by direct evidence, and slight evidence of fraud and undue influence may authorize the jury to cancel the deed. [Cit.]" *Arnold v. Freeman,* 181 Ga. 654, 659 (183 SE 811) (1936). See also *Harper v. Harper*, 229 Ga. 583 (1) (193 SE2d 616) (1972). Evidence of a confidential relationship between the grantor and the grantees; the advanced age of the grantor; the grantor's terminally ill physical condition; the grantor's living arrangement; and evidence of the grantor's reliance on the grantees, especially the daughter with whom she was residing, for care, shelter and transportation was sufficient to present the issue of undue influence to the jury. See *Skelton v. Skelton,* supra, 251 Ga. 631 (5). The trial court did not err when it denied the motion for directed verdict.

4. Appellants contend that the trial court's jury instruction on the presumption of undue influence was not supported by evidence, making the giving of the charge reversible error. The jury was told that "a presumption of undue influence arises as a matter of law where the grantee of a gift of real property stands in a confidential relationship with the grantor of real property, and the grantor is of a weak mentality." The charge is a correct statement of the law. *Myers v. Myers*, 195 Ga. App. 529 (5) (394 SE2d 374) (1990). Appellants

maintain the presumption was inapplicable because there was no evidence that Mrs. Hammond was "of a weak mentality." However,

> whenever a fiduciary or confidential relation exists between the parties to a deed, . . . the law implies a condition of superiority held by one of the parties over the other, so that in every transaction between them, by which the superior party obtains a possible benefit, equity raises a presumption of undue influence, and casts upon that party the burden of proof to show affirmatively his compliance with equitable requisites and of entire fairness on his part and freedom of the other from undue influence.

*Trustees of Jesse Parker Williams Hosp. v. Nisbet,* 191 Ga. 821, 841 (14 SE2d 64) (1941). As used in the jury instruction, "weakened mentality" covers not only feeble-mindedness but also, in the case of an elderly grantor, the domination of the grantor by the grantee, exemplified by the grantee's provision of shelter and care. See id. As there was evidence that, at the time the deed was executed, Mrs. Hammond was being provided shelter and care by at least one of the grantees, there was evidence to support the trial court's charge.

5. Lastly, appellants seek reversal based on the trial court's denial of their motion for directed verdict concerning whether appellee had proved the existence of a contract to make a will in light of a lack of evidence of part performance by appellee. Appellants' argument is based on the assumption that appellee sought enforcement of a parol contract. As there was evidence that the contract to make the will was written and executed, the trial court did not err.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 1997.

*Douglas E. Smith,* for appellants.
*Thompson, Fox, Chandler, Homans & Hicks, David A. Fox,* for appellee.