## A00A1456. OBJECT TECHNOLOGIES, INC. v. MARLABS, INC.

(540 SE2d 216)

BARNES, Judge.

Object Technologies, Inc., a Georgia corporation, sued Marlabs, Inc., a Virginia corporation, for unpaid invoices totaling $25,380, plus interest and attorney fees, asserting jurisdiction over Marlabs under the Long Arm Statute, OCGA § 9-10-90 et seq. Marlabs answered, denying that the court had personal jurisdiction over it, and moved to dismiss the complaint. The trial court granted the motion, and Object Technologies appeals. For the reasons that follow, we affirm the trial court.

In an affidavit accompanying the motion to dismiss, Marlabs' president said he had advertised on an Internet job site seeking a computer programmer to fulfill a contract Marlabs had with a client. Object Technologies' president responded to the ad, and the two men determined that Object Technologies had a suitable employee available for subcontracting. However, they could not agree on which company's contract to sign, so they signed both contracts. Marlabs' president asserted that his company's principal objective was to protect his client from Object Technologies' solicitation, and Object Technologies' principal objective was to prevent Marlabs from hiring the employee. In response to the motion to dismiss, Object Technologies' president submitted an affidavit affirming that he and Marlabs' president both signed both contracts. Both contracts include a choice of law provision, each specifying a different state: Georgia in the Object Technologies contract and Virginia in the Marlabs contract. Additionally, Object Technologies' contract contains a provision selecting Georgia as the exclusive jurisdiction for adjudicating disputes under the contract.

The trial court granted Marlabs' motion to dismiss, concluding that because the Marlabs contract was signed first and contained an "entire agreement clause," that agreement was controlling. The trial court further concluded that Marlabs had insufficient contacts with Georgia to be subjected to personal jurisdiction.

1. On a motion to dismiss for lack of personal jurisdiction, the defendant bears the burden of proof. *Easterling v. Easterling*, 231 Ga. 90, 91 (1) (200 SE2d 267) (1973). A Georgia court may exercise personal jurisdiction over a nonresident that transacts any business within this state. OCGA § 9-10-91 (1). "Transacting business" means the nonresident has purposefully consummated some transaction in this state; further, the cause of action must arise from that transaction, and the exercise of jurisdiction must not offend traditional fairness and substantial justice. *Davis Metals v. Allen*, 230 Ga. 623, 625 (198 SE2d 285) (1973).

There is no evidence that Marlabs transacted business here. It is

undisputed that all of the contract negotiations took place on the phone or through the Internet, mail or fax. "It is well settled that an out-of-state defendant will not be deemed to have engaged in purposeful business activity in this state on the basis of telephone or mail contact." (Citations omitted.) *ETS Payphone v. TK Indus.*, 236 Ga. App. 713, 715 (513 SE2d 257) (1999). Therefore, Marlabs is not subject to personal jurisdiction under the Long Arm Statute. The trial court did not err in granting Marlabs' motion to dismiss the complaint for lack of jurisdiction.

2. Although Object Technologies contends the trial court failed to consider the effect of the entire agreement clause in its contract, we find this argument unpersuasive. The clause provides:

> This agreement . . . constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior agreements between the parties, whether written or oral, relating to the same subject matter. No modification, amendment, or supplement to this agreement shall be effective for any purpose unless in writing and signed by both parties.

Because the Marlabs contract contains a more expansive entire agreement clause, Object Technologies' contract does not supersede the Marlabs contract even though it was signed afterward. The Marlabs contract provides:

> This agreement contains all of the terms and conditions of this transaction. No agreement or understanding which modifies the terms hereof whether made prior to, during, or after acceptance of this agreement will be binding upon either party *unless made in writing as an amendment to this agreement* and duly executed by both parties hereto.

Therefore, as Object Technologies' contract was not made as an amendment to the Marlabs contract, it was not binding on the parties. Consequently, neither the entire agreement clause nor the clause selecting the courts of Georgia as the exclusive jurisdiction to resolve disputes under the contract are binding on the parties, and the trial court did not err by determining that the Marlabs contract controls.

3. Regardless of which, if either, choice of law provision controls, such a provision alone is insufficient to confer jurisdiction. *Mayacamas Corp. v. Gulfstream Aerospace Corp.*, 190 Ga. App. 892, 894-895 (1) (380 SE2d 303) (1989). In the absence of sufficient minimum contacts to link Marlabs with this state, the trial court did not err in granting its motion to dismiss the complaint.

*Judgment affirmed. Blackburn, P. J., concurs. Eldridge, J., concurs in the judgment only.*

DECIDED OCTOBER 2, 2000.

*Udai V. Singh*, for appellant.
*James W. McKenzie, Jr.*, for appellee.