S03A0880. DIXON v. COLE et al.

(589 SE2d 94)

BENHAM, Justice.

Appellant Wilma Jean Botts Dixon and all the appellees individually own 19 lots of what they believed was lakefront property in a subdivision on Lake Blue Ridge in Fannin County. The descriptions of the property in the deeds conveying the lots put the waterfront boundary at the 1,700-foot contour line. Due to concerns about the ownership of the area below the 1,700-foot contour line (Lake Blue Ridge's maximum flood level purportedly being at the 1,690-foot contour line), the grantors of the lots executed a number of quitclaim deeds purporting to transfer to the individual lot owners that portion of land below the 1,700-foot contour line. The language used by the grantors varied among the quitclaim deeds. Apparently unsure the

quitclaim deed to her gave her title to the area below the 1,700-foot contour line in front of her lakefront lot, Dixon filed a petition for equitable partition in October 2001 in which she alleged she was a co-tenant and equal owner in each of the other lots with the individual owners of the other lots; continued joint ownership was impractical; and equitable partition was the means by which the real property should be divided. She attached to her petition copies of the grantors' various quitclaim deeds to the individual owners.

After conducting several hearings, the trial court dismissed the petition for equitable partition after finding appellant had not: (1) named indispensable parties, namely any holder of a mortgage secured by any of the lakefront lots, the owners of non-lakefront lots who have a 20-foot-wide right of lake access that lies between two of the lakefront lots, and the Tennessee Valley Authority (TVA), which operates and exercises dominion over the lake; and (2) met the requirement in OCGA § 44-6-160 that the property sought to be partitioned be described. In its order of dismissal, the trial court denied Dixon's request that she be permitted to amend her petition to add the indispensable parties and to provide the appropriate property description. Dixon filed a timely notice of appeal from the trial court's dismissal order.

1. Appellant Dixon contends the trial court erred when it based its dismissal of her petition on her failure to name indispensable parties. The failure to name the proper parties is an amendable defect. *Hanson v. Wilson*, 257 Ga. 5 (2) (354 SE2d 126) (1987). While the issue may be raised in a motion to dismiss filed pursuant to OCGA § 9-11-19, " '[o]rdinarily, it is error to dismiss a petition for failure to join an indispensable party.' [Cit.] Rather, the party 'should be joined so the case can be considered on (the) merits.' [Cit.]" *Capote v. Ray*, 276 Ga. 1, 4 (3) (577 SE2d 755) (2002). However, a petition may be dismissed for failure to join an indispensable party when the court lacks jurisdiction of the indispensable party. *Burkhead v. Trustees, Fireman's Pension Fund of Atlanta*, 133 Ga. App. 41, 43 (209 SE2d 651) (1974). See also *Dismuke v. Stynchcombe*, 237 Ga. 420 (4) (228 SE2d 817) (1976), where this Court affirmed the dismissal of a habeas action for failure to join an indispensable party (a U.S. Marshal) where it would have been fruitless to join the indispensable party since by the time the defect was brought to the court's attention, the prisoner/plaintiff had been returned to the custody of the warden of the Putnam County Correctional Institution.

OCGA § 9-11-19 (a) specifically limits joinder of persons or entities as parties to those persons or entities who are "subject to service of process. . . ." See Gregory, Georgia Civil Practice, § 4-3 (2) (2nd ed. 1997). Appellees correctly point out that the Superior Court of Fannin County does not have personal jurisdiction over the TVA. The

TVA is a corporation created by an Act of Congress and is a wholly-owned corporate agency and instrumentality of the United States over which the federal district courts have jurisdiction when civil actions are filed against it. *Jackson v. TVA*, 462 FSupp. 45, 50 (M.D. Tn. 1978); *Latch v. TVA*, 312 FSupp. 1069 (N.D. Miss. 1970). When a person or entity described in OCGA § 9-11-19 (a)[1] cannot be made a party, OCGA § 9-11-19 (b) states "the court shall determine whether in equity and good conscience the action should proceed among the parties before it or should be dismissed, the absent person being thus regarded as indispensable." The statute lists five factors to be considered by the court in making its decision. OCGA § 9-11-19 (b) (1)-(5). In its order, the trial court described the TVA as an indispensable party because it operates and exercises dominion over Lake Blue Ridge. Inasmuch as the authority of TVA appears to end at the point where the lot owners' property begins, the determination of where the lots begin is a matter of great interest to the TVA and any judgment rendered in the absence of the TVA would be inadequate and could be prejudicial to the TVA. OCGA § 9-11-19 (b) (1), (3). Accordingly, the trial court did not err when it dismissed the petition due to the absence of an indispensable party over which the court could not exercise personal jurisdiction.

2. Dixon complains the trial court erred when it dismissed the petition without giving appellant the opportunity to join the parties ruled indispensable to the action. Generally, "a court is to allow a reasonable time for an absent indispensable party to be joined before granting a motion to dismiss for nonjoinder. [Cits.]" *Hall v. Trubey*, 269 Ga. 197, 200 (2) (498 SE2d 258) (1998); *Hall v. Oliver*, 251 Ga. App. 122 (2) (553 SE2d 656) (2001). See also *Pickett v. Paine*, 230 Ga. 786 (4) (a) (199 SE2d 223) (1973). However, as noted in Division 1, immediate dismissal of the petition is appropriate where the court does not have personal jurisdiction of an indispensable party and the trial court determines dismissal of the petition is the better course of action. Accordingly, the trial court did not err when it denied appellant a reasonable opportunity to join the absent indispensable parties.

3. Inasmuch as the trial court did not err when it dismissed Dixon's petition for equitable partition due to the absence of an indispensable party over which the court could not exercise personal juris-

[1] One in whose absence complete relief cannot be afforded among those who are already parties, or who claims an interest relating to the subject matter and is so situated that his absence will impair or impede his ability to protect his interest as a practical matter or will leave parties subject to substantial risk of incurring double or inconsistent obligations because of his claimed interest.

diction, we need not address Dixon's enumerated error concerning the other basis upon which the trial court dismissed her petition.
*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 17, 2003.

*Jeb Chatham*, for appellant.
*David E. Ralston, Michael D. Birchmore, Robert M. Ray, Jr., James L. Bass, Doss & Doss, Sherri Lynn Dillard-Doss*, for appellees.