## A09A0148. WELBORN v. WELBORN.
(673 SE2d 44)

ANDREWS, Presiding Judge.

As the executor of his mother's estate, Terrell Welborn sued his brother Ronald concerning a stock account their mother transferred to Ronald shortly before her death. A jury found in favor of Terrell, and the trial court entered judgment on the verdict. On appeal, Ronald argues that there was insufficient evidence to send the case to the jury. We disagree and therefore affirm.

In order to prevail, Ronald must show "that there was no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demanded the verdict sought." (Citation and punctuation omitted.) *Harrouk v. Fierman*, 291 Ga. App. 818, 820 (1) (662 SE2d 892) (2008). See also OCGA § 9-11-50 (a); *South Fulton Med. Center v. Poe*, 224 Ga. App. 107, 108 (1) (480 SE2d 40) (1996) (standards of review for directed verdict and judgment notwithstanding the verdict are the same).

So viewed, the record shows that in the spring of 2003, at the age of 81, Bonnie Welborn moved in with her son Ronald. Ronald's

girlfriend Dianna also moved in around the same time to help take care of Bonnie. Dianna controlled Bonnie's diet in order to ameliorate her diabetes. In December 2003, Bonnie was diagnosed with lung cancer, for which she received radiation treatment. She broke her hip shortly before her death in November 2005. It is undisputed that Bonnie was mentally competent until a few days before her death.

Bonnie's will, executed in June 2000, provided inter alia that any money, including any "Smith Barney account," "shall be distributed to my three children, notwithstanding any designated beneficiary to the contrary." On September 12, 2003, Bonnie and Ronald went to a Smith Barney office in Chattanooga, where Bonnie executed a transfer of her Smith Barney account to Ronald. After Bonnie's death, her estate sued Ronald for fraud and breach of fiduciary relationship. The trial court charged the jury on fraud, fiduciary relationship, undue influence, and bailment. The jury awarded the estate $42,929.97 in damages. Ronald's motions for directed verdict and for judgment notwithstanding the verdict were denied.

"[W]hen a jury does not specify upon which count [a] verdict was rendered, the verdict will not be subject to attack if it was authorized by the evidence under any of the counts." (Punctuation omitted.) *Ledee v. Devoe*, 250 Ga. App. 15, 21 (7) (549 SE2d 167) (2001), citing *Whitaker v. Creedon*, 99 Ga. App. 228, 233 (4) (108 SE2d 335) (1959).

"Fraud and undue influence are not equivalent terms; undue influence may be a species of fraud, or it may exist without any positive fraud." *DeNieff v. Howell*, 138 Ga. 248, 252 (6) (75 SE 202) (1912). A case for undue influence is made out not only when a person is suffering from feeble-mindedness, "but also, in the case of an elderly grantor, the domination of the grantor by the grantee, exemplified by the grantee's provision of shelter and care." *Mathis v. Hammond*, 268 Ga. 158, 161 (4) (486 SE2d 356) (1997). "Generally, the question of undue influence is for the factfinder." Id. at 160 (3).

Because it is undisputed that at the time Bonnie transferred the Smith Barney account to Ronald, he was providing his mother with "shelter and care," there was evidence to support the trial court's charge on undue influence. *Mathis*, 268 Ga. at 161 (4). It follows that because the evidence supported one of the counts on which the jury's verdict was rendered, that verdict must stand as entered by the trial court. See *Ledee*, 250 Ga. App. at 21 (7) (affirming jury verdict).

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED JANUARY 23, 2009.

*Clifton M. Patty, Jr.*, for appellant.

*Ronald C. Goulart, William D. Hentz*, for appellee.