A09A0197. WIEPERT et al v. STOVER et al.
(680 SE2d 707)

BARNES, Judge.

David F. Wiepert and Carol E. Wiepert appeal the temporary order of the trial court awarding custody of D. T. to Marty Dwight Stover and Debra K. Stover. The Stovers are the child's maternal grandmother and stepgrandfather, and the Wieperts are the child's great aunt and great stepuncle.

On May 20, 2008, the Stovers filed a petition for custody of D. T. in the Superior Court of Walker County. At that time, a petition for custody filed on April 17, 2007 by the Wieperts was pending in that same court, and a child deprivation petition was apparently pending in the Juvenile Court of Walker County.[1] D. T. was in the custody of the Walker County Department of Family and Children Services ("DFACS"). The record is unclear as to why DFACS took custody of the child, but a hearing on the deprivation petition was scheduled for May 22, 2008. On May 21, apparently in response to a "motion to be divested of custody and dismiss case" filed by DFACS, the juvenile court entered an order continuing the deprivation hearing until June 10, 2008. and reserving a ruling on DFACS's motion pending the outcome of the superior court hearing. The juvenile court acknowledged that

> the Superior Court has original jurisdiction in child custody matters and that sometimes cases arise where jurisdiction overlaps. . . . Because the Court is convinced that the Superior Court is quite capable of deciding this custody case correctly[,] it would be an ineffective use of Walker County funds and time to litigate the issue in two courts.

The trial court entered an ex parte order awarding immediate custody of D. T. to the Stovers and set a hearing on the petition for June 3, 2008. The order directed that the Wieperts and other interested parties be served with a copy of the order, and at the hearing "show cause, if any, they have or can, why relief sought should not be granted." The Wieperts filed a motion to intervene arguing that the Stovers' petition be denied because the custody

---

[1] The deprivation petition is not in the record before us.

YALE LAW LIBRARY

issue was already before the court because of their 2007 custody petition, and the court's temporary order awarding them custody. They also argued that res judicata barred the Stovers' claim relative to D. T.'s custody. The Wieparts also filed an answer as intervenors in the case, asserting several defenses including collateral estoppel, estoppel by judgment, lack of subject matter jurisdiction, failure to join necessary parties, res judicata, abatement, and forum nonconveniens. Following a hearing, which was not included with the record, the trial court entered a temporary order awarding full custody of D. T. to the Stovers. The order further noted that after hearing from the Wieperts, as intervenors, who were present with counsel, "and evidence having being presented to the Court, and the Court having heard the evidence, the Court hereby finds as a matter of fact and a matter of law that the Superior Court of Walker County has jurisdiction over the matter." The Wieperts appeal from that order.

1. In several enumerations of error the Wieperts contend that the trial court erred in failing to dismiss the action based on the principles of collateral estoppel, abatement, and res judicata, and forum non conveniens. We note, however, that the record does not reflect that the Wieperts moved to dismiss the action based on any of these doctrines. The record reflects that the Wieperts filed a motion to intervene and an answer as intervenors. The record does not reflect that the trial court granted the motion to intervene, but presumably, it did so, as the custody order noted that the intervenors appeared at the hearing with counsel.

> OCGA § 9-11-12 contains the rules relating to answers, defenses, and how and when defenses are presented and heard. According to subsection (c) of this statute, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." This Court has found no authority, and [the Wieperts] cite[ ] no authority, indicating the trial court has authority to treat an allegation or statement in an answer as a motion to dismiss the case.

*Howell v. Styles*, 221 Ga. App. 781, 782 (1) (472 SE2d 548) (1996).

Pursuant to OCGA § 9-11-7 (b) (1), "[a]n application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

To the extent that these arguments were presented at the hearing, the absence of a transcript prevents us from reviewing

whether the issues were raised and properly rejected by the trial court. In the absence of a trial transcript, we must assume the correctness of the trial court's rulings. *Hosseini v. Donino*, 222 Ga. App. 697 (1) (475 SE2d 665) (1996).

2. The Wieperts also maintain that the trial court erred by failing to join necessary parties. "Where it is claimed that the plaintiff has failed to join an indispensable party, the issue must be raised by motion to dismiss filed pursuant to OCGA § 9-11-19. . . . Otherwise, such defenses are deemed waived. [Cit.]" *Klorer-Willhardt, Inc. v. Martz*, 166 Ga. App. 446, 447 (1) (304 SE2d 442) (1983). The record fails to reveal that this issue was properly presented to the trial court, and the absence of a transcript further precludes our reviewing this issue.

3. The Wieperts argue that the trial court erred in exercising subject matter jurisdiction at a time when the juvenile court had exclusive original jurisdiction.

> "Under OCGA § 15-11-5 (c), '(w)here custody is the subject of controversy, except in those cases where the law gives the superior courts exclusive jurisdiction, in consideration of these cases the juvenile court shall have concurrent jurisdiction to hear and determine the issue of custody and support *when the issue is transferred by proper order of the superior court.*' (Emphasis supplied.) There was no order of the superior court transferring the petition to the juvenile court here, and the jurisdiction obtained during the (original deprivation proceeding) could not serve to retain such jurisdiction. '(A)fter a court has determined who is to be the legal custodian of a child, (a complaint by the legal custodian seeking a change of legal custody or visitation rights *shall be brought as a separate action*) in compliance with Article VI, Section XIV, Paragraph VI of the Constitution of this state.' (Emphasis supplied.) (Indention omitted.) OCGA § 19-9-23 (a) and (b)." *Owen v. Owen*, 183 Ga. App. 472, 473 (359 SE2d 229) (1987). Consequently, we find no merit to the [Wieperts'] argument that the juvenile court retained jurisdiction . . . because [D. T.] had previously been adjudicated deprived. Although it is true that the juvenile court has exclusive jurisdiction to entertain petitions concerning children alleged to be deprived (see OCGA § 15-11-5 (a) (1) (C)), the record here shows that the [Stovers'] complaint for permanent custody was not in the nature of a deprivation petition and did not allege that they should be granted permanent custody of [D. T.] on the basis that the [child was] deprived.

(Citations omitted.) *In the Interest of C. C.*, 193 Ga. App. 120, 121 (1) (387 SE2d 46) (1989). Accordingly, as subject matter jurisdiction in this custody matter was properly in superior court, this enumeration is meritless.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED JULY 2, 2009.

*William D. Hentz*, for appellants.

*Bandy & Stagg, Marshall M. Bandy, Jr., Lawrence A. Stagg*, for appellees.