A10A1379. WRIGHT v. SAFARI CLUB INTERNATIONAL.
(706 SE2d 84)

BARNES, Presiding Judge.

Joseph Jerry Wright appeals the dismissal of his lawsuit against Safari Club International, an organization based in Arizona ("SCI"), because the trial court found that Wright failed to join a necessary party to the action, Waterberg Big Game Hunting, Fishing & Photographic Safaris ("WABI"). Wright is a resident of Georgia and a member of SCI. WABI, based in Namibia, conducts African safaris.

Wright contends the trial court erred by dismissing his complaint for failing to join an indispensable party, WABI, without allowing him a reasonable time to join WABI in the action, and erred by finding that WABI could not be joined in the action because it had not done business in this State within the meaning of OCGA § 9-10-91 (1). Wright does not contend, however, that the trial court erred by finding that WABI was a necessary party.

The record shows that after receiving SCI's magazine inviting him to attend SCI's annual safari auction, Wright traveled to Reno, Nevada to participate in the auction. The magazine invited SCI members to bid on a safari in South Africa. Wright went to Reno and won the trip with a successful bid of $10,000.

Wright signed a document entitled "Safari Club International Auction Sales Invoice and Buyer's Agreement." The Agreement

described the trip in detail, identified the services that would be provided and the dates of the trip, and identified WABI as the operator of the safari. The Agreement also stated, "For more information, contact [WABI] by fax at [the designated number] or by email" at a particular e-mail address. Thereafter, WABI and Wright engaged in a series of e-mail messages between Namibia and Georgia concerning arrangements for the anticipated safari. Included among the correspondence were messages from WABI confirming the trip dates, demanding immediate payment of $3,800 for licensing fees, which Wright paid, requesting travel arrangement information, and ultimately canceling the trip.

After his attempts to recover the money he paid to SCI were unsuccessful, Wright sued SCI to recover his funds. He alleged breach of contract and a violation of OCGA § 10-1-393, the Georgia Fair Business Practices Act. After SCI answered, it moved to dismiss Wright's complaint because he failed to join WABI as a party to the action.

Finding that relief could not be granted to Wright without WABI's presence and that the case could not be decided without prejudicing WABI's rights, the court held that WABI was "an indispensable and necessary party." Then, the court found that Wright could not obtain jurisdiction over WABI because it had not conducted business in this State sufficient to establish jurisdiction under OCGA § 9-10-91 (1) and dismissed Wright's complaint.

Because Wright did not challenge the trial court's determination that WABI was a necessary party, our only consideration is whether the trial court erred by dismissing Wright's complaint. It is usually error to dismiss a petition for failure to join an indispensable party, as the relief is to join the missing party and have the case considered on the merits. *Capote v. Ray*, 276 Ga. 1, 4 (3) (577 SE2d 755) (2002). In cases in which the court lacks jurisdiction over the indispensable party, however, a complaint may be dismissed for failure to join the indispensable party. *Dixon v. Cole*, 277 Ga. 353, 354 (1) (589 SE2d 94) (2003). Nevertheless, dismissal for failure to join a party is warranted only when jurisdiction cannot be obtained over the indispensable party. *Burkhead v. Trustees, Firemen's Pension Fund of Atlanta*, 133 Ga. App. 41, 43 (209 SE2d 651) (1974).

Here, the trial court's dismissal was premised on its determination that WABI could not be made subject to the jurisdiction of the court. The record does not require such a determination. Although discussing our opinion in *ATCO Sign & Lighting Co., LLC v. Stamm Mfg.*, 298 Ga. App. 528 (680 SE2d 571) (2009), the trial court's order relies primarily on *Object Techs., Inc. v. Marlabs, Inc.*, 246 Ga. 202 (540 SE2d 216) (2000), a case decided before our Supreme Court decided *Innovative Clinical & Consulting Svcs. v. First Nat. Bank*,

279 Ga. 672, 675 (620 SE2d 352) (2005). In *Innovative Clinical* our Supreme Court substantially changed the way long arm jurisdiction was viewed in Georgia. The court held that OCGA § 9-10-91 (1) granted Georgia courts the unlimited authority to exercise personal jurisdiction over any nonresident who transacts any business in this State "to the maximum extent allowed by procedural due process." Id. The Court noted that "nothing in subsection (1) requires the physical presence of the nonresident in Georgia or minimizes the import of a nonresident's intangible contacts with the State." Id. Additionally, "a single event may be a sufficient basis for the exercise of long arm jurisdiction if its effects within the forum are substantial enough even though the nonresident has never been physically present in the state." *Aero Toy Store v. Grieves,* 279 Ga. App. 515, 520 (1) (631 SE2d 734) (2006).

> Due process requires that individuals have fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign. In evaluating whether a defendant could reasonably expect to be haled into court in a particular forum, courts examine defendant's contacts with the state, focusing on whether (1) defendant has done some act to avail himself of the law of the forum state; (2) the claim is related to those acts; and (3) the exercise of jurisdiction is reasonable, that is, it does not violate notions of fair play and substantial justice. These three elements do not constitute a due process formula, but are helpful analytical tools which ensure that a defendant is not forced to litigate in a jurisdiction solely as a result of "random," "fortuitous" or "attenuated" contacts.

(Citations and punctuation omitted.) *ATCO Sign & Lighting Co. v. Stamm Mfg.,* supra, 298 Ga. App. at 534.

Based upon the record before us, we cannot conclude definitively whether the trial court is authorized to exercise jurisdiction over WABI. Nevertheless, WABI's participation in the safari auction which was advertised to Wright in Georgia, as well as numerous e-mail messages exchanged between WABI in Namibia and Wright in Georgia, including those from WABI demanding payment of the fees and then canceling the trip, are factors from which the trial court might conclude upon proper application of the relevant law that WABI was doing business in this State sufficient to confer jurisdiction under OCGA § 9-10-91 (1). In any event, as the moving party, SCI had the burden of establishing that the trial court cannot exercise personal jurisdiction over WABI, and the record before us

does not satisfy that burden. Accordingly, we must reverse the trial court and remand the case with direction that Wright be given the opportunity to serve WABI with process and bring it before the court. At that time, WABI can challenge the exercise of personal jurisdiction if it deems it warranted.

Should the trial court then decide that it cannot exercise personal jurisdiction over WABI, dismissal of Wright's complaint against SCI still may not be appropriate. *Altama Delta Corp. v. Howell*, 225 Ga. App. 78, 81 (3) (483 SE2d 127) (1997) ("Even if it is not feasible to join a party described in OCGA § 9-11-19 (a), the court may in some circumstances allow the action to proceed without that party."). Instead, OCGA § 9-11-19 (b) provides that if a party cannot be joined, "the court shall determine whether in equity and good conscience the action should proceed among the parties before it or should be dismissed, the absent person being thus regarded as indispensable." The Code section states five factors to be considered:

> (1) To what extent a judgment rendered in the person's absence might be prejudicial to him or to those already parties;
>
> (2) The extent to which, by protective provisions in the judgment, by the shaping of relief, or by other measures, the prejudice can be lessened or avoided;
>
> (3) Whether a judgment rendered in the person's absence will be adequate;
>
> (4) Whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder; and
>
> (5) Whether and by whom prejudice might have been avoided or may, in the future, be avoided.

OCGA § 9-11-19 (b).

Accordingly, we find that the trial court erred in concluding that WABI was not subject to the jurisdiction of the court and not allowing Wright a reasonable period in which to effect service upon and obtain jurisdiction over WABI. Further, should Wright be unable to perfect service or obtain jurisdiction over WABI, the trial court must consider the factors set forth in OCGA § 9-11-19 (b) before again dismissing the action. In addition, we note that the allegations that SCI violated the Georgia Fair Business Practices Act could be sufficient to allow the trial court to proceed in an action against SCI independent of any action involving WABI.

*Judgment reversed with direction. Blackwell and Dillard, JJ., concur.*

DECIDED NOVEMBER 29, 2010.

*Michael D. Barber*, for appellant.

*Arnall, Golden & Gregory, Henry Chalmers, Christopher K. Withers*, for appellee.