**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

July 12, 2013

# In the Court of Appeals of Georgia

A13A0435. ARTSON, LLC v. HUDSON.

MILLER, Judge.

Artson, LLC appeals the dismissal of its lawsuit against David K. Hudson for failure to join indispensable parties to the action. Artson contends that the trial court erred in (1) finding that certain individuals were indispensable parties; (2) dismissing the complaint for failure to join indispensable parties because David Hudson did not move to dismiss the complaint on that ground and waived that defense; and (3) denying Artson's motion for attorney fees pursuant to OCGA § 9-11-37. For the reasons set forth below, we affirm.

When, as here, a question of law is at issue we owe no deference to the trial court's ruling and apply a de novo standard of review. See *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

The record shows that Artson is a Virginia limited liability corporation established in November 2003. Artson has four members—Lawyer and Doris Artis, their daughter, Denise Hudson, and their son-in-law, David Hudson—each of whom owns a twenty-five percent interest in the corporation. Artson was established for the purpose of owning, selling, managing and trading real estate, stocks, securities and other investments. Lawyer and David were the initial managing members of Artson with authority to conduct business on Artson's behalf, including the authority to manage the corporation's bank accounts and write checks therefrom.

At some point after 2003, Denise and David moved from Virginia to Marietta, Georgia. In September 2008, Denise and David initiated divorce proceedings. Thereafter, in January 2009, Lawyer, Doris and Denise signed a resolution removing David as a managing member of Artson and revoking his authority to act on behalf of the corporation.

Artson, by and through its managing member Lawyer, subsequently filed suit against David in Cobb County Superior Court for conversion, an accounting and attorney fees. David filed an answer and counterclaim, raising the defense of unclean hands, and asserting a counterclaim for conversion, an accounting and attorney fees.

2

Thereafter, David filed a third-party complaint against Denise and a motion for leave to add her as a third-party defendant. The third-party complaint alleged that Lawyer owned and operated a separate business known as Artis Contracting and that David and Denise owned and operated another separate business known as Acropolis Management, LLC. The third-party complaint also alleged that Artson and Artis Contracting shared business matters and finances with the knowledge of all of the parties involved and that Artson funds were used to pay for Acropolis Management's cellular telephone bills and office supplies. Finally, the complaint alleged that Denise should be jointly liable for any award against David because she received the same benefit from the use of Artson's funds as David and Lawyer. The trial court subsequently entered a consent order adding Denise as a third-party defendant.

The parties subsequently engaged in contentious discovery, which culminated in David filing a motion to compel the production of additional documents related to Artson. The trial court denied David's motion to compel and entered a consent order resolving the parties' discovery disputes.

Thereafter, David filed a motion for leave of court to add Doris as a party defendant. David also filed a petition to pierce the corporate veil and to construe

3

Artson as Lawyer's alter ego. Artson filed a motion for partial summary judgment or, in the alternative, to strike or dismiss David's counterclaim.

On January 31, 2011, the trial court held a hearing on David's motion to add Doris as a party defendant and Artson's motion for partial summary judgment. At the hearing, the trial court denied Artson's motion for partial summary judgment and its alternative motion to strike or dismiss David's counterclaim. The trial court also ruled that Lawyer and Doris were indispensable parties and that it lacked personal jurisdiction over them. Thereafter, the trial court dismissed the case pursuant to OCGA § 9-11-19. This appeal ensued.

1. Artson contends that the trial court erred in finding that Doris and Lawyer were indispensable parties pursuant to OCGA § 9-11-19. We disagree.

OCGA § 9-11-19, which governs the joinder of necessary parties, provides that persons subject to service of process shall be joined if complete relief cannot be afforded in their absence, or they have an interest relating to the subject matter of the action such that disposition in their absence may impair their ability to protect that interest or may subject any parties to the action to a substantial risk of incurring multiple or inconsistent obligations by reason of such interest. See OCGA § 9-11-19 (a). Where joinder of necessary parties is not feasable, the trial court shall determine

4

whether the parties are indispensable and the action should be dismissed. See OCGA § 9-11-19 (b).

Artson cites to no authority supporting its contention that Doris and Lawyer are not indispensable parties. Accordingly, Artson's argument in this enumeration is deemed abandoned pursuant to Court of Appeals Rule 25 (c) (2). Nevertheless, as more fully set forth in Division 2 below, Artson cannot show error because the trial court properly dismissed this action after determining that Doris and Lawyer are indispensable parties over which the trial court cannot exercise personal jurisdiction, and after considering all five factors set forth in OCGA § 9-11-19 (b) for determining whether this action should proceed. See *Dixon v. Cole*, 277 Ga. 353, 355 (1) (589 SE2d 94) (2003).

2. Artson contends that the trial court erred in dismissing the complaint pursuant to OCGA § 9-11-19 because David did not file a motion to dismiss on that ground and he waived the defense of indispensable parties. Again, we disagree.

The issue of failure to join an indispensable party must be asserted prior to judgment or it is waived. See *Adams v. Wright*, 162 Ga. App. 550, 551 (1) (293 SE2d 446) (1982). The issue may be asserted, however, "in any pleading permitted or ordered under subsection (a) of Code Section 9-11-7, or by motion for judgment on

the pleadings, or at the trial on the merits." OCGA § 9-11-12 (h) (2).[1] Furthermore, the defense need not be asserted in writing. See *Lee v. Collins*, 249 Ga. App. 674, 676 (2) (547 SE2d 583) (2001) (holding that the trial court may consider a motion made pursuant to OCGA § 9-11-12 (h) (2), even if the motion is not made in writing). Moreover, a complaint may be dismissed for failure to join indispensable parties when the trial court lacks jurisdiction over them. See *Dixon*, supra, 277 Ga. at 354 (1); *Wright v. Safari Club Intl.*, 307 Ga. App. 136, 137 (706 SE2d 84) (2010).

The Civil Practice Act requires that pleadings be liberally construed in favor of the pleader. See *Glisson v. Hosp. Auth.*, 224 Ga. App. 649, 654 (1) (481 SE2d 612) (1997). So construed, we find that David effectively, albeit inartfully, asserted the

---

[1] Artson relies on this Court's decision in *Wiepert v. Stover*, 298 Ga. App. 683 (680 SE2d 707) (2009), citing *Klorer-Willhardt, Inc. v. Martz*, 166 Ga. App. 446 (304SE2d 442) (1983), in support of its argument that David waived the issue of indispensable parties by not raising it in a motion to dismiss pursuant to OCGA § 9-11-12. That statute plainly does not require the issue of indispensable parties to be raised in a motion to dismiss. See OCGA § 9-11-12 (h) (2). Moreover, Supreme Court authority indicates that the issue *may* be raised in a motion to dismiss, but does not *require* it. See *Dixon*, supra, 277 Ga. at 354-355 (1); see also *Mathis v. Hammond*, 268 Ga. 158 (486 SE2d 356) (1997). Accordingly, *Wiepert*, supra, 298 Ga. App. at 685 (2), *Klorer-Willhardt*, supra, 166 Ga. App. at 446 (1), *Caswell v. Jordan*, 184 Ga. App. 755, 759 (2) (362 SE2d 769) (1987), *Jones v. Dykes*, 231 Ga. App. 110, 111 (4) (497 SE2d 828) (1998), *Kammerer Real Estate Holdings, LLC v. PLH Sandy Springs, LLC*, 319 Ga. App. 393, 398 (3) (740 SE2d 635) (2012), and their progeny are disapproved to the extent they hold otherwise.

6

issue of indispensable parties in his pleadings. Notably, David asserted in his amended answer, counterclaim and third-party complaint that all of Artson's shareholders used corporate funds for their respective personal uses and Doris and Lawyer received the largest personal benefit from misappropriation of Artson's corporate funds. David also filed a motion to add Denise as a third-party defendant; he filed a third-party complaint against Denise, alleging that she should be held equally liable for any sum awarded to Artson; and he filed a petition to pierce the corporate veil, alleging that Artson is a shell corporation and asking the trial court to hold Lawyer and Denise personally liable. Moreover, David filed a motion to add Doris as a party defendant, alleging that she committed the tort of conversion and acted jointly with Denise. Based on the foregoing, the record shows that Artson was well aware of David's contention that Lawyer and Doris were necessary parties and should have known that without their joinder its suit might not be able to proceed in Georgia. Accordingly, we address the issue of whether the trial court properly dismissed this action pursuant to OCGA § 9-11-19.

(a) Necessary Parties

OCGA § 9-11-19 (a) mandates joinder of persons where complete relief cannot be afforded among those who are already parties. "When the presence of parties other

than those to the original action is required for the granting of complete relief in the determination of a counterclaim[,] the court shall order them to be brought in as defendants as provided in this chapter, if jurisdiction of them can be obtained." (Citation and punctuation omitted.) *Gardner v. Gardner*, 276 Ga. 189, 190 (576 SE2d 857) (2003); OCGA § 9-11-13 (h). The concept of complete relief as set forth in OCGA § 9-11-13 and § 9-11-19 (a) (1) "embraces the desirability of avoiding repetitive lawsuits on essentially the same facts or subject matter, as well as the desirability of joining those in whose absence there might be a grant of hollow or partial relief to the parties before the court." (Citations and punctuation omitted.) Id.

Here, David alleged in his amended answer, counterclaim and third-party complaint that all of Artson's shareholders used corporate funds for their respective personal use and Doris and Lawyer garnered the largest personal benefit from misappropriation of corporate funds. In dismissing the case, the trial court specifically found that the case essentially involves a dispute between all of the shareholders of Artson and complete relief cannot be afforded to the parties in the absence of Doris and Lawyer. Artson does not challenge these findings on appeal. Accordingly, Artson failed to show that the trial court abused its discretion in determining that complete relief cannot be afforded in Doris and Lawyer's absence. See *Gardner*, supra, 276 Ga.

8

at 190-191 (1) (holding that trial court did not abuse its discretion in finding that joinder of wholly-owned corporations was necessary to ensure just division of marital assets in divorce action).

(b) Personal Jurisdiction

OCGA § 9-11-19 (a) limits joinder of persons as parties to those persons who are subject to service of process. See *Dixon*, supra, 277 Ga. at 354 (1). At the hearing on David's motion to join Doris as a necessary party, Artson specifically argued and the record shows that Doris and Lawyer, who are Virginia residents, are not subject to jurisdiction under Georgia's long-arm statute, OCGA § 9-10-91, because they meet none of the requirements for personal jurisdiction set forth therein.[2] Moreover, Artson

---

[2] Georgia's long-arm statute pertinently provides:

A court of this state may exercise personal jurisdiction over any nonresident or his or her executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she: (1) Transacts any business within this state; (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act; (3) Commits a tortious injury in this state caused by an act or omission outside this state if the

acknowledges on appeal that Doris and Lawyer are not subject to service of process in Georgia.

OCGA § 9-10-91 controls the scope of personal jurisdiction that Georgia courts may exercise over nonresidents by requiring out-of-state defendants to own, use or possess real property in Georgia or commit certain delineated acts within the State before they can be subjected to personal jurisdiction in Georgia. See *Innovative Clinical*, supra, 279 Ga. at 673; *Oglesby v. Deal*, 311 Ga. App. 622, 625 (1) (716 SE2d 749) (2011). There is no evidence showing that Doris and Lawyer own property in Georgia or committed acts within the State that would subject them to long-arm jurisdiction, consequently the trial court did not err in finding that it lacked personal jurisdiction over them.

(c) Dismissal where joinder of a necessary party is not feasible.

---

tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; (4) Owns, uses, or possesses any real property situated within this state[.]

OCGA § 9-10-91. See also *Innovative Clinical & Consulting Servs. v. First Nat. Bank*, 279 Ga. 672, 675 (620 SE2d 352) (2005) (holding that long-arm jurisdiction over non-residents who transact business within the State reaches only to the maximum extent permitted by procedural due process).

Where, as here, "a person or entity described in OCGA § 9-11-19 (a) cannot be made a party, OCGA § 9-11-19 (b) states [that] the court shall determine whether in equity and good conscience the action should proceed among the parties before it or should be dismissed, the absent person being thus regarded as indispensable." (Punctuation omitted.) *Dixon*, supra, 277 Ga. at 355 (1).

> In determining if a party is indispensable, it is essential to consider whether relief can be afforded the [named parties] without the presence of the other party, and whether the case can be decided on its merits without prejudicing the rights of the other party. If there are no compelling reasons for joinder of the third parties, then they are not indispensable to the action[.]

(Citation and punctuation omitted.) *Wilcher v. Way Acceptance Co.*, 316 Ga. App. 862, 867 (1) (730 SE2d 577) (2012); see also *Sherman v. Dev. Auth.*, 317 Ga. App. 345, 348-349 (3) (730 SE2d 113) (2012).

OCGA § 9-11-19 (b) lists five factors to be considered by the trial court in deciding whether a person who is not subject to the trial court's jurisdiction is in fact indispensable:

> (1) To what extent a judgment rendered in the person's absence might be prejudicial to him or to those already parties; (2) The extent to which, by protective provisions in the judgment, by the shaping of relief, or by

11

other measures, the prejudice can be lessened or avoided; (3) Whether a judgment rendered in the person's absence will be adequate; (4) Whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder; and (5) Whether and by whom prejudice might have been avoided or may, in the future, be avoided.

Although a trial court generally should allow a reasonable time for joinder of an indispensable party, immediate dismissal of a complaint is appropriate where the trial court lacks personal jurisdiction over an indispensable party. See *Dixon*, supra, 277 Ga. at 355 (2).

Here, David had a pending motion to add Doris as a party to this action. At the hearing on David's motion, the trial court specifically noted that adding both Doris and Lawyer to this action was necessary in order to provide complete relief. Moreover, in determining that Doris and Lawyer were indispensable parties, the trial court addressed each of the five factors set forth in OCGA § 9-11-19 (b). The trial court specifically found that a judgment rendered in the absence of Doris and Lawyer would be prejudicial to David; no available measures would lessen or avoid such prejudice; a judgment rendered in Doris and Lawyer's absence would be inadequate; Artson has an adequate remedy because it can refile this action in Virginia where all of its shareholders are subject to jurisdiction; and, in the absence of Doris and

Lawyer, David could not avoid prejudice because the fact-finder could not possibly determine the rights, obligations and liabilities of the parties and David could not adequately present his defenses. The trial court also found that complete relief could not be afforded to the parties in the absence of Doris and Lawyer because this case essentially involves a dispute between all four of Artson's shareholders and David's counterclaim alleged that all of the shareholders used corporate funds for their personal uses. Accordingly, the trial court did not err in dismissing Artson's complaint due to the absence of indispensable parties over which it lacked personal jurisdiction. See *Dixon*, supra, 277 Ga. at 355 (1).

3. Artson contends that the trial court erred in denying its motion for attorney fees pursuant to OCGA § 9-11-37 (a) (4) (B). We discern no error.

OCGA § 9-11-37 (a) (4) (B) provides for an award of expenses for a motion for an order compelling discovery:

> If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, *unless* the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

13

(Emphasis supplied.) "A trial court has broad discretion to control discovery, including the imposition of sanctions, and this Court will not reverse the trial court's ruling on such matters absent the showing of a clear abuse of discretion." (Footnote omitted.) *Alexander v. A. Atlanta Autosave, Inc.*, 272 Ga. App. 73, 78 (5) (611 SE2d 754) (2005). Here, although the trial court denied David's motion to compel, the parties entered into a consent order resolving their discovery disputes. Moreover, in denying Artson's motion for attorney fees, the trial court specifically found that the making of David's motion to compel discovery was substantially justified and an award of expenses would be unjust. Accordingly, we find no abuse of discretion in the trial court's denial of Artson's motion for attorney fees pursuant to OCGA § 9-11-37.

*Judgment affirmed. Phipps, C.J., Andrews, P.J., Barnes, P.J., Ellington, P.J., Doyle, P.J., Dillard, McFadden, Boggs, Ray, Branch, and McMillian, JJ., concur..*