S98A1256. IN THE MATTER OF: INQUIRY CONCERNING A JUDGE NO. 97-61.
(499 SE2d 319)

PER CURIAM.

The Judicial Qualifications Commission has recommended that John T. Webb be removed from the office of Judge of the Municipal Court of the City of Norcross because of his familial relationship with the Mayor of the City of Norcross, resulting in alleged statutory disqualification and violations of the Code of Judicial Conduct.[1] We accept the Commission's recommendation of removal because Judge Webb's service raises the appearance of impropriety in violation of Canon 2 of the Code of Judicial Conduct.

We note at the outset that there are no allegations that Judge Webb has engaged in any actual acts of misconduct in his judicial duties or otherwise. However, Canon 2 mandates that judges avoid not only actual impropriety, but that they avoid even the appearance of impropriety. This is so because public confidence in and respect for the judiciary must be maintained. Thus, it is of paramount importance that this Court regulate the conduct of judges, and thereby guard both the public and the judicial system. *In the Matter of: Inquiry Concerning a Judge,* 265 Ga. 843, 847 (4) (462 SE2d 728) (1995).

The test for the appearance of impropriety is whether the situation would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired. Commentary to Canon 2 of the Code of Judicial Conduct. Unfortunately, the undisputed circumstances surrounding Judge Webb's service create just such a perception.

Judge Webb's mother is Lillian Webb, the Mayor of the City of Norcross at the time of the Commission's petition, who had previously held that position from 1976 through 1984. Pursuant to the City of Norcross charter, judges are to be appointed by the mayor and confirmed by the city council and serve at the pleasure of the mayor and city council. Judge Webb currently serves as municipal court judge as the result of formal action taken by the mayor and council at

---

[1] The Judicial Qualifications Commission has alleged violations of OCGA § 15-1-8 (a) (2) and Canons 2 and 3E (1) (c) (i) of the Code of Judicial Conduct.

a meeting held on February 3, 1997.[2]

The Municipal Court of the City of Norcross has jurisdiction of proceedings involving violations of the City of Norcross charter, all city ordinances, and such other violations as provided by law. In 1996, the municipal court handled 5,622 written citations, and disposed of 4,312 of them, exclusive of those issued to people with open bench warrants and cases bound over to Gwinnett County. The City's total revenue for 1996 was $5,354,150.33. In that same year, the municipal court generated $424,332.28. The court revenue is deposited into the City of Norcross General Fund, from which the expenses of the City are paid, including salaries and wages.[3]

It is plain that the municipal court provides the forum for a substantial number of cases, and that the City is, either directly or indirectly, involved in virtually all these proceedings. While it is unclear how often the Mayor is named as a party to suit, the very nature of the position of Mayor of the City of Norcross, dictates that anyone holding the office would reasonably be perceived as having a significant interest in the outcome of litigation involving the City. Thus, whether Lillian Webb as Mayor of the City has any actual pecuniary or other stake in the proceedings is not dispositive. The issue is one of public perception, and the close familial relationship between the Mayor and Judge Webb could give fair support to a charge of bent of mind on the part of Judge Webb that might prevent or impede the impartiality of his judgment in presiding over the adjudication of matters involving the City of Norcross. Such a perceived bias or prejudice suffices for disqualification from a case. See *Birt v. State*, 256 Ga. 483, 485 (4) (350 SE2d 241) (1986); *King v. State*, 246 Ga. 386, 390 (7) (271 SE2d 630) (1980).

Even though there is no evidence that Judge Webb has disregarded his mandate of neutrality in carrying out his judicial duties, Judge Webb's continued service in the Municipal Court of the City of Norcross has the potential of bringing the impartiality of the judicial office into public question, a result which this Court cannot countenance. The object of this proceeding is to "maintain the honor and dignity of the judiciary and the proper administration of justice." *In*

---

[2] Judge Webb first became a judge of the Recorder's Court in the City of Norcross in January 1987, and served as such until August 14, 1991. During his tenure, he served under three mayors, Cobb, Terrell, and Allen. Webb also served by designation pro hac as judge of the Recorder's Court for Gwinnett County and from time to time presided over matters from 1987 through 1991.

[3] The Mayor is compensated at a set amount per year for services to the City. Judge Webb is paid $300 (gross) per session of the municipal court over which the judge presides. The court holds four sessions per month; however, from time to time, Judge Webb may be unavailable to preside over a particular session. He is not compensated for those sessions over which he does not preside.

*the Matter of: Inquiry Concerning a Judge*, 265 Ga. at 848 (4), citing *In re Nowell*, 237 SE2d 246, 250 (N.C. 1977). Accordingly, it is hereby ordered that Judge John T. Webb of the Municipal Court of the City of Norcross be removed from office instanter.

*Removed from office. All the Justices concur.*

DECIDED MAY 4, 1998.

*Earle B. May, Jr.*, for Judicial Qualifications Commission.

*Thompson, O'Brien, Kemp & Nasuti, John P. O'Brien, Kelly C. Perry*, for Webb.