S06A2017. PIRKLE et al. v. TURNER.
(642 SE2d 849)

HUNSTEIN, Presiding Justice.

This case involves a dispute between adjoining landowners over title to approximately six acres of land located in Forsyth County, Georgia. Appellants Richard, Matthew, and Amanda Pirkle filed suit against appellee Turner, alleging slander of title, tortious interference with contract, and trespass. Turner answered and filed a counterclaim seeking a declaratory judgment affirming his title to the disputed property. During the pendency of the action, the Pirkles

deeded the disputed property to appellant Cox, and Cox was joined as a plaintiff in the action. In *Pirkle v. Turner*, 277 Ga. 308 (588 SE2d 733) (2003), this Court affirmed the trial court's issuance of an interlocutory injunction against Cox as well as its finding that two deeds in the Pirkles' chain of title, upon which appellants relied to establish their claims, were void as a matter of law because the property descriptions therein were too indefinite. A jury trial was subsequently held, and the jury returned special verdicts rejecting appellants' claims of title by perfect equity[1] or by actual adverse possession and affirming Turner's title to a designated portion of the disputed property by constructive adverse possession. Judgment was thereupon entered, awarding fee simple to the designated property to Turner and ordering the cancellation of all deeds and plats recorded on behalf of appellants to the extent they cast a cloud on Turner's title. This appeal ensued.

1. Appellants continue to challenge the trial court's finding, affirmed by this Court, that the deeds relied upon by appellants were insufficient as a matter of law. Appellants contend that "new facts and evidence" were presented at trial that rectified the vagueness in the deeds and would thus have proven the appellants' superior title to the disputed property. However, the finding that the deeds were invalid is binding as the law of the case and is not open for us to revisit. See OCGA § 9-11-60 (h) ("any ruling by the Supreme Court . . . in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court"). Though appellants claim that new evidence warrants fresh consideration of this issue, there is no amount of new evidence that could change this Court's finding that the deeds bore an insufficient description of the property to be conveyed, this being a question of law unaffected by circumstances extrinsic to the deeds themselves. See generally *Wisener v. Gulledge*, 251 Ga. 419 (306 SE2d 642) (1983).

2. Appellants also contend that the trial court erred by allowing the jury to make decisions in equity. As an initial matter, we note that it was appellant Cox who requested a jury in this case, and thus to the extent appellants' complaint relates to the very empaneling of a jury, this complaint is meritless. See *Henley v. Henley*, 217 Ga. 612 (124 SE2d 86) (1962). Appellants appear also to contend that the jury overstepped its factfinding role in determining that appellants did not acquire the disputed property via actual adverse possession or

---

[1] "[W]here a vendee makes a contract for the purchase of land, pays all the purchase money, goes into actual possession, and nothing remains to be done by him to comply with the contract, he thereby acquires a perfect equity which is the equivalent of whatever legal title the vendor had, even in the absence of a deed." *Drillers Svc. v. Moody*, 242 Ga. 123, 125 (2) (249 SE2d 607) (1978).

under the doctrine of perfect equity and conversely that Turner had acquired the disputed property via constructive adverse possession.

Adverse possession is usually a mixed question of law and fact.

> The judge decides whether, as a matter of law, the facts alleged by the claimant are sufficient to constitute a claim of adverse possession. The jury decides whether the claimant has presented sufficient evidence to establish the elements of adverse possession.

(Footnote omitted.) *Proctor v. Heirs of Jernigan*, 273 Ga. 29 (2) (538 SE2d 36) (2000). Here, the court properly instructed the jury on the elements of adverse possession as well as the other theories of recovery and defenses thereto, and the jury returned a special verdict indicating it had found sufficient evidence to support Turner's claim of constructive adverse possession and insufficient evidence to support appellants' claim to title by actual adverse possession or perfect equity. Under these circumstances, we find no error.

Appellants' additional assertion that the verdict form was in the nature of a general as opposed to a special verdict form cannot be raised now, as it was not raised at the time the form was presented to the jury. *Frostgate Warehouses v. Cole*, 244 Ga. 782 (262 SE2d 98) (1979).

3. Appellants further contend that the trial court erred by admitting into evidence and attaching as part of the special verdict form a plat prepared under the name of surveyor David Bealle. Appellants moved to exclude the document based on Bealle's deposition testimony that he did not prepare the plat; for this reason, appellants argue, the plat was inauthentic and inadmissible. Given that there was evidence that the plat had been prepared by another surveyor working under Bealle's supervision, the court denied the motion, finding that Bealle's level of involvement in personally preparing or supervising the preparation of the plat, and in turn whether it was a recordable plat, went to the document's weight and credibility rather than its admissibility.[2] The trial court did not abuse its discretion in so finding. See *Georgia Power Co. v. Irvin*, 267 Ga. 760 (3) (482 SE2d 362) (1997).[3] In addition, to the extent appellants now complain about the document's being attached to the special verdict

---

[2] The plat was originally attached as an exhibit to appellee's counterclaim and was offered as demonstrative evidence regarding the parties' respective claims of possession.

[3] We note that it was ultimately appellants who offered the plat into evidence at trial in the course of questioning Bealle, who had prepared various plats for the Pirkles as well as Turner and his predecessors in interest.

form, appellants did not object at the time and thus they have waived this issue. *Frostgate*, supra, 244 Ga. at 783.

4. Appellants also contend that the trial court erred by failing to submit to the jury the issues of equitable estoppel and laches. Appellants have contended throughout the proceedings that appellee's claim of title should be barred under these equitable principles because the Pirkles and their predecessors in interest had occupied, completed certain construction projects on, and otherwise made use of the disputed property since 1955, without protest from Turner or his predecessors in interest until shortly before this litigation commenced in 2001.

Equitable estoppel may act as a bar to a party's claims only when there is proof of "some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud." OCGA § 24-4-27. Appellants fail to identify any evidence of deception on the part of Turner or his predecessors, and thus the trial court did not err by omitting a jury charge on equitable estoppel.[4] With regard to appellants' laches defense, the trial court did charge the jury on laches, and such charge was agreed to by appellants' counsel at the charge conference and was not objected to after the jury charge was given. See OCGA § 5-5-24 (a). Moreover, at the start of the second phase of the trial,[5] the court, at appellants' request and over appellee's objection, recharged the jury on laches and submitted to the jury a supplemental special verdict form asking whether laches should bar Turner's claims; the jury answered "no." To the extent they now assert that the issue of laches was not sufficiently presented to the jury, such argument borders on the frivolous.

5. Appellants also contend that the trial court erred by granting Turner's motion to dismiss appellant Cox's "third party claims" against John and Evalina Turner (who own property adjoining the disputed property) and Betty Tanner, Linda Lewis, and Eddie Payne (relatives of Turner who had previously quitclaimed their interests in the disputed property to Turner) and by denying appellants' motion to join these individuals as indispensable parties. Appellants appear to claim that these individuals were essential to the resolution of the case by virtue of their involvement in past conveyances that included

---

[4] It also appears from our review of the transcript of the charge conference, though it is somewhat unclear, that appellants' counsel agreed to withdraw their request to charge on the defense of equitable estoppel, which would also militate in favor of affirming the trial court on this issue. See *Henley*, supra, 217 Ga. at 612.

[5] The trial was bifurcated to reserve appellants' damages claims – namely, for set-off and recoupment for the value of improvements appellants' predecessors made to the disputed property – until after the issue of title was resolved.

the disputed property. The trial court correctly found that Cox's claims against these parties were not in the nature of third party claims because appellants were not claiming these individuals were wholly or jointly liable for the relief Turner was seeking in his counterclaim against them. See OCGA § 9-11-14 (a), (b) (third party practice applicable to claims by a party against others who are or may be liable for all or part of the original claims against that party). The court also correctly denied appellants' subsequent motion to add these individuals as indispensable parties under OCGA § 9-11-19 (a), because these individuals had no legal interest in the disputed property at the time appellants sought to add them. The trial court thus did not err by rejecting appellants' efforts to add these parties.

6. Having examined the remaining enumerations raised by appellants, we conclude that they are without merit. Accordingly, we affirm the trial court's judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 26, 2007 —
RECONSIDERATION DENIED APRIL 10, 2007.

*Roland J. Cox,* for appellants.
*Stewart, Melvin & Frost, Frank Armstrong III,* for appellee.