A07A1636. OFC CAPITAL v. SCHMIDTLEIN ELECTRICAL, INC. et al.
(656 SE2d 272)

SMITH, Presiding Judge.

OFC Capital (OFC) sued Schmidtlein Electrical, Inc., Tom Schmidtlein, and Debbie Schmidtlein (collectively referred to as Schmidtlein) for breach of contract. The suit stemmed from Schmidtlein's failure to make payments under a lease agreement which was assigned to OFC by NorVergence, Inc. Schmidtlein moved to dismiss the complaint on the ground that the forum selection clause in the lease agreement was unenforceable and that OFC failed to add NorVergence as an indispensable party. The trial court granted Schmidtlein's motion to dismiss and OFC now appeals. For the following reasons, we reverse.

The record reveals that Schmidtlein entered into an agreement with NorVergence, Inc. on May 7, 2004 for the rental of telecommunications equipment. The two-page agreement contained the following forum selection clause in bold type:

> This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to the Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor's or Rentor's assignee's sole option. . . .

NorVergence subsequently assigned its rights, title, and interest in the agreement (but not its obligations under the agreement) to OFC Capital, an Alabama corporation whose principal place of business is located in Roswell, Georgia. When Schmidtlein failed to make payments under the lease agreement, OFC filed suit. Schmidtlein moved to dismiss the complaint on the grounds that the forum selection clause in the lease agreement was unenforceable and that OFC failed to add NorVergence to the action as an indispensable party. The trial court granted Schmidtlein's motion to dismiss, but the court's order on the motion does not specify which of the two grounds argued by Schmidtlein was the basis for its dismissal of the complaint.

As OFC has pointed out in its reply brief, the enforceability of the same forum selection clause has recently been addressed by this court and decided adversely to Schmidtlein. In *OFC Capital v. Colonial Distrib.*, 285 Ga. App. 815 (648 SE2d 140) (2007), this court reversed the trial court's dismissal of OFC's complaint holding that the forum selection clause, identical to the clause at issue here, was enforceable because it put the defendant on notice that an assignment may occur "and that suit would then be brought where the assignee's . . . principal place of business was located." Id. at 817. Accordingly, for the reasons discussed in *Colonial Distrib.*, id. at 817-819, the trial court erred in granting Schmidtlein's motion to dismiss on this ground.

We cannot determine from the record before us whether the trial court considered the remaining ground of Schmidtlein's motion to dismiss, failure to join NorVergence as an indispensable party. Dismissal of a complaint on this ground is proper only after a finding that the party is, in fact, indispensable, and a showing that the plaintiff failed to join the party after being given an opportunity to do so. See *Hall v. Oliver*, 251 Ga. App. 122, 123-124 (2) (553 SE2d 656) (2001); OCGA § 9-11-19. Therefore, we remand this case to the trial court to make the appropriate findings, if any, with regard to the dismissal of the complaint on this ground.

*Judgment reversed and case remanded with direction. Barnes, C. J., and Miller, J., concur.*

DECIDED JANUARY 9, 2008.

*Thompson, O'Brien, Kemp & Nasuti, Bret T. Thrasher, Jimmy C. Luke II*, for appellant.

*Moore, Ingram, Johnson & Steele, Jeffrey A. Daxe*, for appellees.