A10A1071. WILCHER v. WAY ACCEPTANCE COMPANY et al.
(700 SE2d 876)

SMITH, Presiding Judge.

Sonny Wilcher, acting pro se, appeals from a trial court order dismissing his wrongful foreclosure action for failure to add indispensable parties. Because the trial court erred in dismissing the action, we reverse.

The record reveals that Sonny Wilcher and Jay Wilcher filed a complaint against Way Acceptance Company ("Way"), Duston Tapley, and Kathy Williams for wrongful foreclosure. They claimed that their land was used as collateral for a loan they did not authorize and

of which they had no knowledge. They alleged that the defendants knowingly allowed the loan to be obtained using a forged document and then wrongfully foreclosed on their property when the loan was not paid. The defendants answered, and after some discovery, Way and Tapley moved to dismiss the complaint on the ground that it failed to name all of the proper parties. They also moved to dismiss Jay Wilcher as a party plaintiff because he had no interest in the property that was the subject of the foreclosure. Following a hearing, the trial court dismissed Jay Wilcher as a party plaintiff. The court found that there were three indispensable parties who were other owners of legal title to the property but were not added to the action. On September 17, 2009, the court ordered Sonny Wilcher to add these parties within 30 days or suffer the dismissal of the action.

On October 12, 2009, Wilcher filed an amended complaint adding as party plaintiffs the three other owners. But the complaint was signed only by Wilcher as "attorney-pro se." On November 25, 2009, the trial court dismissed the case on the ground that the necessary parties were not added as previously ordered by the court.

1. Wilcher asserts that the trial court erred in finding that the three other owners of the property were indispensable. OCGA § 9-11-19 (a) provides that

[a] person who is subject to service of process shall be joined as a party in the action if:

(1) In his absence complete relief cannot be afforded among those who are already parties; or

(2) He claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:

(A) As a practical matter impair or impede his ability to protect that interest; or

(B) Leave any of the persons who are already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

In this action for wrongful foreclosure, the absence of those who had title to the foreclosed property could leave the defendants subject to a substantial risk of incurring multiple obligations by reason of the former owners' interest in the property. *Blanton v. Duru*, 247 Ga. App. 175, 177-178 (3) (543 SE2d 448) (2000) (holders of security deed proper parties to wrongful foreclosure action). Therefore, their joinder was needed for just adjudication and the trial court did not

err in finding these parties indispensable. See id.; compare *Pirkle v. Turner*, 281 Ga. 846, 849-850 (5) (642 SE2d 849) (2007) (court did not err in denying motion to add other parties with no interest in property forming subject of ownership dispute).

2. Wilcher argues that the court erred in dismissing the action for failure to join the indispensable parties. "Dismissal of a complaint on this ground is proper only after a finding that the party is, in fact, indispensable, and a showing that the plaintiff failed to join the party after being given an opportunity to do so." (Citations omitted.) *OFC Capital v. Schmidtlein Elec.*, 289 Ga. App. 143, 144 (656 SE2d 272) (2008).

The record reflects that within the 30-day window set by the court, Wilcher filed an amended complaint adding the indispensable parties as ordered. That pleading, however, was signed only by Wilcher "attorney-pro se."[1] OCGA § 9-11-11 (a) provides that "[e]very pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address." In *Hood v. State*, 282 Ga. 462, 464-465 (651 SE2d 88) (2007), the Georgia Supreme Court held: "In construing the statutory signature requirement, this Court and the Court of Appeals have held that the lack of a signature is an amendable defect and does not render the unsigned document null and void." (Citations and punctuation omitted.) Id.; see also OCGA § 9-11-15 (a) (amendments under the Civil Practice Act). Therefore, because the amended complaint was not signed by at least one attorney or by each party acting pro se, it contained a defect which could be cured by amendment. See *Hood*, supra; see also *Bandy v. Hosp. Auth. of Walker County*, 174 Ga. App. 556, 557 (1) (b) (332 SE2d 46) (1985) ("[T]he right to amend pleadings under the Civil Practice Act is exceedingly broad.") (citations and punctuation omitted).

The Georgia Supreme Court held further in *Hood*, supra, that "[t]he Court of Appeals has suggested that a court should grant leave to comply with the rule as to signature rather than strike the pleading." (Citation and punctuation omitted.) Id. at 465. Although here the trial court's order stated it was dismissing the case for failure to add the indispensable parties, it in fact ordered the case dismissed because of the defect in Wilcher's amended complaint: the absence of the proper signatures. This was error. We therefore reverse the dismissal of the complaint and remand this case with

---

[1] It is undisputed that Wilcher is not an attorney licensed to practice law within the State of Georgia.

direction that the trial court grant Wilcher and the indispensable parties a reasonable opportunity to amend the defect in the amended complaint.

3. Wilcher contends that the defendants waived their right to file a motion to dismiss his complaint for failure to join indispensable parties because they failed to answer a different, earlier filed amended complaint. But "[a] defendant is not required to answer an amended complaint unless ordered to do so by the trial court." (Citations omitted.) *Evans v. Marshall*, 253 Ga. App. 439 (559 SE2d 165) (2002).

4. Wilcher also asserts error with regard to the trial court's failure to rule on certain motions. But this claim of error is moot in light of our holding in Division 2 reversing and remanding this case to the trial court for further proceedings.

5. Wilcher argues that the trial judge should be recused because she "refused or neglected to hear the motions filed by the plaintiff during the proceeding." But because the record reflects that Wilcher failed to raise this issue in the trial court or request recusal below, his claim is not properly before this court. *Langton v. Dept. of Corrections*, 220 Ga. App. 445, 447 (3) (469 SE2d 509) (1996).

*Judgment reversed and case remanded with direction. Mikell and Adams, JJ., concur.*

DECIDED SEPTEMBER 9, 2010.

Sonny Wilcher, *pro se*.
*Bryant & Cook, Malcolm F. Bryant, Jr.*, for appellees.