**FIRST DIVISION
PHIPPS, P. J.,
McFADDEN and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**July 13, 2012**

# In the Court of Appeals of Georgia

A12A0178. WILCHER v. WAY ACCEPTANCE COMPANY et al.

PHIPPS, Presiding Judge.

In this second appearance of this case before this court,[1] the primary issue again is whether the trial court erred in dismissing the complaint for failure to add an indispensable party. As before, the record does not support the dismissal; we therefore reverse the dismissal and remand the case for proceedings not inconsistent with this opinion.

In 2008, Jay Wilcher and his brother Sonny Wilcher, both pro se, filed a complaint against Way Acceptance Company, Duston Tapley, and Kathy Williams

---

[1] See *Wilcher v. Way Acceptance Co.*, 305 Ga. App. 868 (700 SE2d 876) (2010).

for wrongful foreclosure.[2] The Wilcher brothers claimed that their land had been used as collateral for a loan that they did not authorize and of which they had no knowledge;[3] they alleged that the defendants had knowingly allowed the loan to be obtained using a forged document and then wrongfully foreclosed on their property when the loan was not paid.[4]

After a period of discovery, the defendants filed two motions. In one, they sought to dismiss Jay Wilcher as a party plaintiff because he had no interest in the property that was the subject of the foreclosure.[5] In the other motion, the defendants sought to dismiss the complaint on the ground that it failed to include as plaintiffs indispensable parties.[6] After a hearing, the court granted the motion to dismiss Jay Wilcher as a party plaintiff.[7] With respect to the remaining motion, the trial court found that there were three indispensable parties – namely, "Lucille Fountain, Jerome

---

[2] See id. at 868.

[3] See id. at 868-869.

[4] See id. at 869.

[5] See id.

[6] See id.

[7] See id.

Jones and Jewell Lomax (and/or her heirs at law)" – who were other owners of legal title to the property but had not been added to the action.[8] The three named individuals were the Wilcher brothers' siblings. The court ordered Sonny Wilcher to add these parties within 30 days or suffer dismissal of the action.[9]

Within the prescribed 30-day window, Sonny Wilcher filed an amended complaint adding as plaintiffs the three parties identified by the court. However, that complaint was signed only by Sonny Wilcher as "attorney-pro se,"[10] who was not an attorney licensed to practice law within the State of Georgia.[11] Consequently, the court dismissed the case on the ground that the necessary parties had not been added as ordered by the court.[12]

That dismissal was at issue in the first appearance of this case before this court. In *Wilcher v. Way Acceptance Co.*,[13] we determined that "because the amended

---

[8] See id.

[9] See id.

[10] See id.

[11] See id. at 870 (2), n. 1.

[12] Id. at 870 (2).

[13] Supra.

complaint was not signed by at least one attorney or by each party acting pro se, it contained a defect which could be cured by amendment."[14] Accordingly, we held:

> Although here the trial court's order stated it was dismissing the case for failure to add the indispensable parties, it in fact ordered the case dismissed because of the defect in Wilcher's amended complaint: the absence of the proper signatures. This was error. We therefore reverse the dismissal of the complaint and remand this case with direction that the trial court grant Wilcher and the indispensable parties a reasonable opportunity to amend the defect in the amended complaint.[15]

On remand, an amended complaint was filed and signed by four pro se plaintiffs: Lucille (Fountain) Entzminger, Jerome Jones, Sonny Wilcher, and Jay Wilcher. While Jay Wilcher previously had been dismissed from the case for lack of standing, the amended complaint alleged that he had since acquired an interest in the subject property from an heir of his sibling Jewell Lomax (who had been named by the trial court as an indispensable party).

The defendants again attacked the action on procedural grounds, filing another motion to dismiss the complaint for failure to join an indispensable party. At a

---

[14] Id. at 870 (2) (citations omitted).

[15] Id. at 870-871 (2).

4

hearing thereon held May 19, 2011, defense counsel acknowledged that Jay Wilcher had apparently received quitclaim deeds from the only two children of his deceased sibling, Jewell Lomax. But defense counsel further cited evidence that Jewell Lomax had been survived *also* by her spouse – who was still living. Defense counsel argued that Jewell Lomax's surviving spouse, who had not been added as a party plaintiff, retained an interest in the subject real property and was therefore an indispensable party.

Jay Wilcher, who appeared pro se at the hearing, disagreed with defense counsel's claim that Jewell Lomax's surviving spouse held an interest in the foreclosed property and that he was therefore an indispensable party. A colloquy ensued, during which the trial court agreed with defense counsel that "[a] spouse is an heir at law, under the Georgia statute" and that an interest in the subject real property "very well could" have passed to Jewell Lomax's surviving spouse. Thus, the trial court told Jay Wilcher that, within two weeks, he could either add Jewell Lomax's surviving spouse as a party or the surviving spouse could "transfer[ ] his interest to you." The colloquy continued:

> DEFENSE COUNSEL: In my opinion, they're going to have some proof of probate in Ms. Lomax's estate, which hasn't been done. And they're going to have to have something from her husband – I don't think they're going to get

that in two weeks. There is just no way.

THE COURT:     You do need something definitive about her probate.

JAY WILCHER: Well, she died intestate. She may not have a probate or will like that. We'll have to – I don't know what we can do about something like that. *If you transfer the interest out of the property – that's probably the only – it will take more than two weeks if you're talking about a probate. It would take at least 30 days, I would assume.*[16]

DEFENSE COUNSEL:   It would take more than that.

JAY WILCHER:   Yeah.

The COURT: All right. *I'm going to give him two weeks to take some definitive action that is going to resolve the Lomax issue.* All right.[17]

Despite having thus granted, on May 19, Jay Wilcher at least two options that would "resolve the Lomax issue," the trial court entered an order on June 2, 2011 stating that the plaintiffs, "by June 2, 2011, *shall* have Jewell Lomax added as a party, or a duly appointed representative of her estate, or all of her proven heirs at law, or the case shall be subject to dismissal."[18] Then on June 9, 2011, the court entered the order contested in this appeal. That order stated:

---

[16] (Emphasis supplied.)

[17] (Emphasis supplied.)

[18] (Emphasis supplied.)

6

The Court having entered an Order directing the Plaintiffs to have Jewell Lomax, or a duly appointed representative of her estate, or all of her proven heirs at law, added as a party, by June 2, 2011, and it appearing that Plaintiffs have failed to do so, the within-captioned case is hereby dismissed.

Jay Wilcher filed a barrage of motions, some with attached documents, many of which motions maintained that Jewell Lomax's surviving spouse was not an indispensable party. One document purported on its face to be a quitclaim deed – which had been executed on May 24, 2011, then filed on June 1, 2011 amongst the county real estate records – transferring from Jewell Lomax's surviving spouse to Jay Wilcher the former's interest in the subject real property. These motions, however, were not ruled upon before Jay Wilcher filed his notice of appeal challenging, as stated above, the second dismissal of the (amended) complaint.

1. Wilcher (hereinafter, referring to Jay Wilcher) contends that the trial court erred by dismissing the complaint for failure to add an indispensable party. He points out that, at the May 19 hearing, the trial court granted him two weeks to complete a transfer of Jewell Lomax's surviving spouse's interest, if any, to one of the plaintiffs; he asserts that he thereafter complied, by procuring a quitclaim deed from Jewell Lomax's surviving spouse transferring to himself (Wilcher) any interest the spouse

7

may have had; Wilcher complains that the trial court nevertheless dismissed the complaint for failure to comply with the June 2 order. Wilcher complains that the June 2 order strayed from the direction given by the court at the May 19 hearing, which included the option of adding the spouse as a party, as well as the option of having the spouse's interest transferred to one of the plaintiffs. Additionally, Wilcher argues that Jewell Lomax's surviving spouse was not an indispensable party and that the trial court thus erred in ordering that the spouse be added as a party and erred by dismissing the complaint essentially on the ground that Jewell Lomax's spouse was not added.

"Ordinarily, it is error to dismiss a . . . complaint for failure to join an indispensable party."[19] "Rather, the party should be joined so the case can be considered on the merits."[20] OCGA § 9-11-19, governing joinder of (indispensable) parties, provides in subsection (a):

A person who is subject to service of process shall be joined as a party in the action if:
>    (1) In his absence complete relief cannot be afforded among those who are already parties; or

---

[19] *Dismuke v. Stynchcombe*, 237 Ga. 420, 421 (4) (228 SE2d 817) (1976); see *Dixon v. Cole*, 277 Ga. 353, 354 (1) (589 SE2d 94) (2003).

[20] *Dixon*, supra (citation and punctuation omitted).

(2) He claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:
(A) As a practical matter impair or impede his ability to protect that interest; or
(B) Leave any of the persons who are already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

"When a person or entity described in OCGA § 9-11-19 (a), cannot be made a party, OCGA § 9-11-19 (b) states 'the court shall determine whether in equity and good conscience the action should proceed among the parties before it or should be dismissed, the absent person being thus regarded as indispensable.'"[21] Subsection (b) further lists five factors to be considered by the court in making that decision:[22]

(1) To what extent a judgment rendered in the person's absence might be prejudicial to him or to those already parties;
(2) The extent to which, by protective provisions in the judgment, by the shaping of relief, or by other measures, the prejudice can be lessened or avoided;
(3) Whether a judgment rendered in the person's absence will be adequate;
(4) Whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder; and
(5) Whether and by whom prejudice might have been avoided or may, in the future, be avoided.[23]

---

[21] Id. at 355 (1), quoting OCGA § 9-11-19 (b).

[22] *Dixon*, supra.

[23] OCGA § 9-11-19 (b).

9

Accordingly, "[d]ismissal of a complaint on [the ground of failure to add an indispensable party] is proper only after a finding that the party *is*, in fact, indispensable, and a showing that the plaintiff failed to join the party after being given an opportunity to do so."[24] "In determining if a party is indispensable, it is essential to consider whether relief can be afforded the plaintiff[s] without the presence of the other party, and whether the case can be decided on its merits without prejudicing the rights of the other party."[25] "If there are no 'compelling reasons' for joinder of the third parties, then they are not indispensable to the action, and it is not necessary to join them as parties . . . for a just adjudication of the merits of the action between the original parties."[26]

In this action, four siblings – Jay Wilcher, Sonny Wilcher, Lucille Fountain, and Jerome Jones – banded together to set aside an alleged wrongful foreclosure by the defendants upon real property that belonged to either them or their family

---

[24] *Wilcher*, supra at 870 (2) (citation and punctuation omitted; emphasis supplied).

[25] *Stendahl v. Cobb County*, 284 Ga. 525, 528 (2) (668 SE2d 723) (2008) (citations and punctuation omitted).

[26] Id. (citation and punctuation omitted).

10

members.[27] Although the trial court agreed with defense counsel at the May 19 hearing that an interest in the subject property may have passed to Lomax's surviving spouse, it does not necessarily follow that, for purposes of setting aside the contested foreclosure, he was an indispensable party to the action under OCGA § 9-11-19.[28]

Indeed, at the May 19 hearing on the defendants' motion to dismiss for failure to add an indispensable party, the trial court granted Jay Wilcher two weeks to "take some definitive action that is going to resolve the Lomax issue," including the option of having the surviving spouse "transfer [ ] his interest to [Jay Wilcher]." Despite having granted Jay Wilcher such broad latitude, precisely two weeks later, the trial

---

[27] Evidence showed that the property had belonged to the plaintiffs' mother, who then had deeded the property to four of her children: Sonny Wilcher, Lucille Fountain, Jerome Jones, and Jewell Lomax.

[28] See, e.g, *Stendahl*, supra at 528-529 (2) (the property owners were not indispensable parties to a lawsuit seeking reversal of the grant of a re-zoning application, where the case could have been decided on its merits without prejudicing the rights of the owners since the re-zoning applicant was a party and presented a thorough case on behalf of itself and, ultimately, the owner; therefore, the trial court erred in dismissing the complaint for failure to join the property owners as indispensable parties); *Judd v. Valdosta/Lowndes County Zoning Bd. of Appeals*, 147 Ga. App. 128 (2) (248 SE2d 196) (1978) (where applicant to whom a special exception was granted was named as a defendant in the appeal in superior court from the zoning board of appeals' action, the property owner was not an indispensable party and thus the trial court erred in dismissing the appeal for failure to join an indispensable party).

court entered the summary order subjecting the case to dismissal unless the plaintiffs – *by the same date the order was entered* (June 2) – add as a party "Jewell Lomax . . ., or a duly appointed representative of her estate, or *all* of her proven heirs at law."[29] But nothing in the record indicates that during the two intervening weeks, between the date of the hearing and June 2, the trial court conducted another hearing or otherwise considered additional evidence to make a determination regarding whether Wilcher had taken some action expressly directed by the court at the hearing. Nor does the record establish that, after the expiration of that two-week period, the trial court conducted a hearing or otherwise considered additional evidence regarding whether Jewell Lomax's surviving spouse held any legal interest in the property that was the subject of the foreclosure.[30] Moreover, nothing in the record establishes that, even with the four plaintiffs who were already in the case, at least one of the three identified in the trial court's June 2 order – (i) "Jewell Lomax"; (ii) "a duly appointed

---

[29] (Emphasis supplied.)

[30] See *Pirkle v. Turner*, 281 Ga. 846, 849-850 (5) (642 SE2d 849) (2007) (trial court correctly denied appellant's motion to add individuals as indispensable parties under OCGA § 9-11-19, where the individuals had no legal interest in the disputed property at the time appellants sought to add them); see generally *Dime Savings v. Sandy Springs Assoc.*, 261 Ga. 485, 486 (1) (405 SE2d 491) (1991) (court of equity cannot decree cancellation of deed unless parties to the deed, or their representatives, are made parties to the action).

representative of her estate"; or (iii) "*all* of her proven heirs at law"[31] – was in fact indispensable under OCGA § 9-11-19 for purposes of contesting the underlying foreclosure.[32]

Nevertheless, the trial court dismissed the complaint. "Even if it is not feasible to join a party described in OCGA § 9-11-19 (a), the court may in some circumstances allow the action to proceed without that party."[33] While OCGA 9-11-19 (b) lists the salient factors to be considered prior to dismissing a complaint for failure to add an indispensable party,[34] nothing in the record indicates that the trial court took them into account. Notably, the trial court stated in its June 9 order only that dismissal was warranted because the plaintiffs had failed to comply with its June 2 order.

---

[31] (Emphasis supplied.)

[32] See generally *Stendahl*, supra; *Pirkle*, supra; *Halta v. Bailey*, 219 Ga. App. 178-180 (1) (464 SE2d 614) (1995) (grantor of stock and initial grantee of stock were not indispensable parties in fraudulent conveyance action brought by grantor's ex-wife against grantor's girlfriend who was in possession of stock, where defendant's ability to present evidence of her defense was not affected by whether or not entities were parties to the action); *Judd*, supra.

[33] *Altama Delta Corp. v. Howell*, 225 Ga. App. 78, 81 (3) (483 SE2d 127) (1997) (citing OCGA § 9-11-19 (b)).

[34] *Dixon*, supra.

Hence, the record reveals that the trial court granted the defendant's motion to dismiss for failure to add an indispensable party, without engaging in the analysis required pursuant to OCGA § 9-11-19. Because the dismissal was therefore not authorized, we reverse the dismissal and remand the case for proceedings not inconsistent with this opinion.[35]

2. Wilcher alternatively contends that the dismissal order should be declared void and ordered vacated, asserting that the defendants' lawyer was also a judge in the same circuit as the presiding judge, which circumstance required the trial judge to recuse herself as contemplated by Canon Two of the Code of Judicial Conduct.

"Canon Two of the Code of Judicial Conduct mandates that judges avoid not only actual impropriety, but that they avoid even the appearance of impropriety."[36] "The test for the appearance of impropriety is whether the situation would create in reasonable minds a perception that the judge's ability to carry out judicial

---

[35] See generally *OFC Capital v. Schmidtlein Elec.*, 289 Ga. App. 143, 144 (656 SE2d 272) (2008) (remanding case where record failed to show that trial court considered whether dismissal was proper for failure to add indispensable party).

[36] *Smith v. Guest Pond Club*, 277 Ga. 143, 145 (2) (586 SE2d 623) (2003) (punctuation and footnote omitted).

14

responsibilities with integrity, impartiality and competence is impaired."[37] In *Smith v. Guest Pond Club*,[38] cited by Wilcher, the Supreme Court of Georgia observed that "our Judicial Qualifications Commission has opined that a judge of a particular court should never preside over a matter involving another judge from the same circuit:"[39]

> Simply stated, the public must believe in the absolute integrity and impartiality of its judges. Consequently, even without a showing of actual bias, prejudice or unfairness, and regardless of the merits or timeliness of a Motion to Recuse, this Commission concludes that it is inappropriate for any trial court judge to preside in any action wherein one of the parties holds a judicial office on the same or any other court which sits in the same circuit.[40]

The Court then determined that these principles applied in *Smith*, where counsel for one of the parties was also a judge on the same court as the presiding judge.[41] The Court concluded that the trial judge had "potentially brought the impartiality and

---

[37] *In the Matter of: Inquiry Concerning a Judge No. 97-61*, 269 Ga. 425 (499 SE2d 319) (1998) (citing Commentary to Canon Two of the Code of Judicial Conduct).

[38] Supra.

[39] Id. at 146 (2).

[40] Id. (punctuation and footnote omitted).

[41] Id.

15

unbiased nature of the judicial office into question, something that th[e] Court will not countenance."[42] Having determined that the trial court erred by denying the motion to recuse the judge and that the judge should not have presided over or ruled upon the matter, the Court held that "the orders entered by [the judge] in this case must be declared void and ordered vacated."[43]

We do not reach the issue of whether the trial judge erred by not recusing herself. Not only is the challenged dismissal order reversed,[44] but Wilcher did not file the recusal motion until *after* he filed his notice of appeal contesting the dismissal order.[45]

---

[42] Id. at 146-147 (2).

[43] Id. at 147 (2).

[44] See Division 1, supra.

[45] See *Wilcher*, supra at 871 (5) (where recusal issue was not raised in the trial court, claim was not properly before appellate court). Cf. *Propst v. Morgan*, 288 Ga. 862, 864 (708 SE2d 291) (2011) (holding that, in those rare cases in which an appeal is dismissed under OCGA § 5-6-48 (c) by a trial judge who previously denied a recusal motion, an appellate court should consider the merits of the recusal motion before considering the merits of the trial judge's dismissal ruling, noting further that a trial judge's dismissal of an appeal under OCGA § 5-6-48 (c) requires a significant exercise of discretion based on findings of fact).

3. Wilcher contends that the trial court erred by not ruling on various other motions filed by the plaintiffs. He cites a motion to stay the order to dismiss and a motion to vacate the dismissal order; he also cites a motion to vacate the June 2 order to add Jewell Lomax's spouse as a plaintiff and "a motion for a hearing on the motion to vacate the dismissal order," on the ground that he filed on June 1 a quitclaim deed transferring the interest of Jewell Lomax's surviving spouse to him. Given that the dismissal order is reversed *and* the case is remanded for further proceedings not inconsistent with this opinion,[46] this contention is moot.[47]

4. Wilcher contends that the trial court erred by not granting his motion to set aside the alleged foreclosure of his property. The trial court dismissed the action without having reached the propriety of the foreclosure. Therefore, we do not reach it here.[48]

---

[46] See Division 1, supra.

[47] See *Wilcher*, supra at 871 (4).

[48] See generally *Ga. Dept. of Nat. Resources v. Coweta County*, 261 Ga. 484 (405 SE2d 470) (1991) (issues not ruled on by the trial court may not be raised on appeal).

5. Finally, we turn to Way Acceptance Company's motion to impose sanctions against Wilcher under this court's Rule 15 (b),[49] asserting that this appeal is frivolous. Because this appeal has not been shown to be frivolous, said motion is hereby denied.

*Judgment reversed and case remanded. McFadden and Dillard, JJ., concur.*

---

[49] ("The panel of the Court ruling on a case, with or without motion, may by majority vote impose a penalty not to exceed $2,500.00 against any party and/or party's counsel in any civil case in which there is a direct appeal, application for discretionary appeal, application for interlocutory appeal, or motion which is determined to be frivolous.")