**FIFTH DIVISION**
**BARNES, P. J.,**
**MCFADDEN, P. J., and BROWN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**September 28, 2023**

# In the Court of Appeals of Georgia

A23A1088. AMISANO v. CROSS CREEK CONDOMINIUM
ASSOCIATION, INC.

BROWN, Judge.

In this discretionary appeal, Tina Amisano challenges the trial court's denial of her motion to set aside a default judgment pursuant to OCGA § 9-11-60 based on lack of personal jurisdiction and fraud. For the reasons discussed below, we reverse the denial of the motion to set aside and remand the case for proceedings not inconsistent with this opinion.

The record shows that in November 2017, Cross Creek Condominium Association, Inc. ("Cross Creek") filed a complaint in the Superior Court of Fulton County against Amisano for past due assessments, late charges, interest, and attorney fees. After multiple attempts to serve Amisano personally at the subject address in

Fulton County, Georgia were not successful, the court dismissed the first complaint for want of prosecution on July 13, 2018. On October 24, 2018, Cross Creek filed a second complaint in the same court against Amisano for past due assessments, late charges, interest, and attorney fees. In June 2019, after sheriff's deputies and a special process server made several unsuccessful attempts to serve Amisano at the subject property, the trial court entered an order permitting Cross Creek to serve Amisano by publication on the ground that she "cannot be personally served after due diligence[.]" A notice of publication, which listed Amisano's name and the address of "68 Monte Square, Atlanta GA 30327," was filed by the clerk of court on June 7, 2019. Beginning on July 8, 2019, the notice was published in the Daily Report for four consecutive weeks. On August 7, 2019, the trial court issued an order stating that the requisite publication had been made and that Amisano had failed to answer, and directing Cross Creek to file a motion for default judgment. Cross Creek moved for default judgment and, on September 13, 2019, the trial court entered a final judgment for money damages (totaling $19,515.29) and a judgment of foreclosure. A foreclosure sale occurred on August 2, 2022.

On September 14, 2022, Amisano filed a motion to set aside judgment in the Superior Court of Fulton County, seeking to set aside the judgment entered on

September 13, 2019, pursuant to OCGA § 9-11-60 based on lack of personal jurisdiction and fraud. Because the second foreclosure action filed by Cross Creek had been closed, the clerk of court assigned a new case number to Amisano's motion. Cross Creek filed an answer and response, arguing that the motion was untimely because it was filed one day after the three-year period expired for filing such motions; the motion was improper because it was filed under a new civil action number when a complaint must be filed to commence a new civil action; the motion was moot because the judgment Amisano sought to set aside had already been satisfied by the foreclosure; the motion failed to adequately address all parties, namely the party that purchased the subject property; and the motion failed to introduce any evidence supporting Amisano's claim. The trial court denied Amisano's motion to set aside for "all the reasons set forth in [Cross Creek's] Response." This appeal followed.

"[A]bsent an abuse of discretion, we will not reverse a trial court's refusal to set aside a default judgment. However, the standard of review for a question of law on appeal is de novo, during which we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." (Citations and punctuation omitted.)

3

*Hutcheson v. Elizabeth Brennan Antiques & Interiors*, 317 Ga. App. 123, 125 (730 SE2d 514) (2012).

1. Amisano contends that the trial court should have set aside the default judgment against her because there is no evidence that the notice of publication of service, publication order, and complaint were actually mailed to her by the clerk of court in accordance with OCGA § 9-11-4 (f) (1) (C). We agree.

OCGA § 9-11-4 (f) (1) (C) provides that, once publication is made following a court order, if

> the residence or abiding place of the absent or nonresident party is known, the party obtaining the order shall advise the clerk thereof; and it shall be the duty of the clerk, within 15 days after filing of the order for service by publication, to enclose, direct, stamp, and mail a copy of the notice, together with a copy of the order for service by publication and complaint, if any, to the party named in the order at his or her last known address, if any, and make an entry of this action on the complaint or other pleadings filed in the case.

"Because service by publication raises due process concerns and is a notoriously unreliable means of actually informing interested parties about pending suits, it must be accomplished as provided by the statute and substantial compliance is insufficient." (Citations and punctuation omitted.) *Vasile v. Addo*, 341 Ga. App. 236,

4

241 (2) (2017). The statute "requires the clerk of court to mail a copy of the order for service by publication, notice of publication, and the complaint to [Amisano's] last known address and to certify such action on the complaint filed in the case." (Citation and punctuation omitted.) *Elrod v. Reliance Development Co.*, 350 Ga. App. 113, 117-118 (2) (828 SE2d 126) (2019).

In this case, there is no proof that the clerk mailed a copy of the notice, the order, and the complaint to Amisano at her last known address within 15 days, or that the clerk made entry of such action on the complaint or other pleadings filed in the case. Instead of offering such proof, Cross Creek contends in its brief that OCGA § 9-11-4 (f) (1) (C) does not apply to the facts of this case; it only applies "when the party to be served is absent from or a non-resident of the State of Georgia. It does not apply when the basis for service by publication is that the party to be served could not be found after due diligence, which was the basis for service by publication in the [second lawsuit filed by Cross Creek]." OCGA § 9-11-4 (f) (1) (A) allows for service by publication:

> When the person on whom service is to be made resides outside the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself or herself to avoid the service of the summons, and the fact shall appear, by affidavit, to the

5

satisfaction of the judge or clerk of the court, and it shall appear, either by affidavit or by a verified complaint on file, that a claim exists against the defendant in respect to whom the service is to be made, and that he or she is a necessary or proper party to the action[.]

Citing no authority, Cross Creek contends that "*absent* or *nonresident party*" only corresponds to the person who "resides outside the state" and the person who has "departed from the state" and that we should look to (f) (1) (A) when determining the duty of the clerk under (f) (1) (C). (Emphasis supplied.) This argument is without merit.

Turning to the language of the statute, we are "mindful that when interpreting a statute, we must give the text its plain and ordinary meaning, view it in the context in which it appears, and read it in its most natural and reasonable way." (Citation and punctuation omitted.) *Bowen v. Savoy*, 308 Ga. 204, 205 (839 SE2d 546) (2020). Moreover, "[a] phrase found in a statute must be gauged by the words surrounding it." (Citation and punctuation omitted.) *Nisbet v. Davis*, 327 Ga. App. 559, 567 (1) (c) (760 SE2d 179) (2014). Subsection (f) (1) governs "service by publication." The term "absent" is not defined in the statute, but the dictionary defines it as "not present at a usual or expected place [or] missing." https://www.merriam-webster.com/dictionary/absent. The word is followed by the

6

phrase "or nonresident party" and appears after the phrase "[w]hen the court orders service by publication." OCGA § 9-11-4 (f) (1) (C). Subsection (f) (1) (A) allows for substitute service by publication, and provides that a trial court is authorized to order service by publication when he or she is satisfied that "the person on whom service is to be made resides outside the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself or herself to avoid the service of the summons." Subsection (f) (1) (C) then provides for the actual manner of publication, and, as detailed above, states that "[w]here the residence or abiding place of the absent or nonresident party is known, the party obtaining the order shall advise the clerk thereof[.]" Reading the subsections together, it appears that the phrase "nonresident party" in subsection (f) (1) (C) includes those persons who "reside[ ] outside the" state in subsection (f) (1) (A). Accordingly, we interpret the phrase "absent party" to include all others persons laid out in subsection (f) (1) (A).

Contrary to Cross Creek's contention, this Court has never limited the phrase "absent party" to those persons who reside out of state or who have departed from the state. In *Hutcheson*, we reversed the trial court's denial of the appellant's motion to set aside a default judgment on the ground that the trial court lacked personal jurisdiction over her because the clerk of court conceded that it did not mail copies

7

of the order for service of publication, notice of publication, and a copy of the complaint to the appellant's last known address as required by OCGA § 9-11-4 (f) (1) (C). 317 Ga. App. at 127-128 (1). In that case, there was evidence suggesting that the appellant was evading service, and thus, the trial court properly allowed service by publication pursuant to OCGA § 9-11-4 (f) (1) (A). Id. at 127 (1). Because Cross Creek has not shown that the clerk of court complied with OCGA § 9-11-4 (f) (1) (C), the trial court erred in denying the motion to set aside on this ground. See *Vasile*, 341 Ga. App. at 240-242 (2) (reversing denial of motion set aside default judgment where trial court ordered service by publication on ground that appellant had concealed himself to avoid service of the summons but clerk failed to comply with OCGA § 9-11-4 (f) (1) (C)).[1]

2. Amisano contends that the motion to set aside was timely and correctly filed as a new action. Cross Creek does not respond to either of these arguments.

---

[1] We find no merit in Cross Creek's argument that Amisano failed to introduce any evidence to support her motion to set aside and its allegation that "the record [is] devoid of any evidence that the clerk did not fulfil[l] its duties under OCGA § 9-11-4 (f)." See, e.g., *Elrod*, 350 Ga. App. at 118 (2) (rejecting appellee's argument that we must presume the clerk complied with OCGA § 9-11-4 (f) (1) (C) where there was complete absence in the record of any entry by the clerk of court showing that the documents were mailed to the plaintiff); *Vasile*, 341 Ga. App. at 241 (2) (same).

8

(a) "A motion to set aside may be brought to set aside a judgment based upon: . . . Lack of jurisdiction over the person or the subject matter." OCGA § 9-11-60 (d) (1). Further, "[a] judgment void because of lack of jurisdiction of the person or subject matter may be attacked at any time." OCGA § 9-11-60 (f). See also *Webb v. Nat. Discount Co.*, 148 Ga. App. 313, 314 (2) (251 SE2d 163) (1978) ("[a] judgment void because of lack of jurisdiction of the person . . . may be attacked at any time . . . in all other instances, all motions, complaints or other proceedings to set aside or attack judgments shall be brought within three years from entry of the judgment complained of") (citation and punctuation omitted). Given our ruling in Division 1, we cannot say that the three-year statute of limitation that applies to all motions or proceedings to attack or set aside a judgment applies in this case.

(b) The trial court also incorrectly ruled that the motion to set aside was improper because it was filed under a new civil action number when a complaint must be filed to commence a new civil action. As we concluded in *Herringdine v. Nalley Equip. Leasing*, 238 Ga. App. 210 (517 SE2d 571) (1999) (physical precedent only), where the trial court dismissed the defendant's motion to set aside, which had been filed on the ground of fraud and docketed as a new and separate action:

9

Under the Civil Practice Act ("CPA"), liberal pleadings and procedure are mandated. Cases should be decided on the merits, rather than on procedural technicalities. The rules set forth in the CPA are intended to promote and not to obstruct the administration of justice and thus enable the court to do substantial justice rather than to decide cases upon technicalities which have no relationship whatever to the rights of the parties to the litigation. Cases are not to be dismissed except where it appears beyond doubt that the party can prove no set of facts to support the relief sought. Under OCGA § 9-11-8 (f) "[a]ll pleadings shall be so construed as to do substantial justice." The "title" applied to pleadings is not binding on the court; we judge a pleadings by its contents, not by its name. Where justice requires, the court should treat pleadings as if there had been a proper designation. Defendant's complaint was an effort to set aside the judgment of the trial court because of fraud. As such efforts are properly brought as motions to set aside the judgment under OCGA § 9-11-60 (d) (2), and as it is the substance and function of the pleadings which are determinative, we must treat defendant's complaint as a motion to set aside the judgment in which relief was denied. It is well established however, that there is no magic in nomenclature, and in classifying pleadings we will construe them to serve the best interests of the pleader, judging the pleading by its function rather than by its name. Since the separate action to set aside fulfills all the requirements of a motion to set aside under OCGA § 9-11-60 (d) (2), it will be so construed.

(Citations and punctuation omitted.) Id. at 210-211 (1). See also *Bank of Cumming v. Moseley*, 243 Ga. 858, 859 (257 SE2d 278) (1979) ("the 'title' applied to pleadings

10

is not binding on the court; we judge a pleading by its contents, not by its name");

*Frost v. Frost*, 235 Ga. 672, 674 (1) (221 SE2d 567) (1975) (because there is no magic in nomenclature, and pleadings are construed to serve the best interest of the pleader, pleading styled "motion to vacate and set aside judgment" fulfilled the requirement of a petition in equity).

3. Amisano contends that the trial court incorrectly concluded that her motion to set aside was moot. Citing *Rampersad v. Plantation at Bay Creek Homeowners Assn.*, 362 Ga. App. 329, 332 (1) (868 SE2d 475) (2022) ("[a] case becomes moot on appeal if the appellants can no longer get their desired relief, and so a favorable decision on appeal would 'be of no benefit' to them[;] [t]hat is ordinarily the result when a party appeals to prevent foreclosure, but the foreclosure sale is completed before the appeal can be resolved"), Cross Creek contends that the trial court was correct to deny the motion to set aside because the relief sought in this matter is moot. Specifically, that the property was sold at a foreclosure sale and the judgment satisfied.

> A judgment void on its face may be attacked in any court by any person when it becomes material to the interests of the parties to consider it. A void judgment is a mere nullity and has no vital force under any consideration or at any time. There is no presumption of

11

validity. Since this is true, such a judgment may be attacked in any court and by anybody whenever it becomes necessary. Nothing can occur which will give the judgment life, and even if an execution has been issued upon it, it may still be attacked.

(Citations and punctuation omitted; emphasis omitted.) *Ricks v. Liberty Loan Corp.*, 146 Ga. App. 594, 595 (2) (247 SE2d 133) (1978). "Unlike nonjudicial foreclosure sales, judicial sales of property are usually instituted by a party having the right to foreclose who seeks an order allowing or requiring the sale of the property — i.e., a party who seeks equitable relief." *Ga. Home Appraisers v. Trintec Portfolio Svcs.*, 349 Ga. App. 356, 359 (1) (825 SE2d 833) (2019) (physical precedent only). "After such an order is obtained, the sale of the property is governed primarily by the judicial sales statute, OCGA § 9-13-140, et seq. And under both that statute and the statute dealing with claims in equity (OCGA § 23-1-1, et seq.), a trial court is afforded broad discretion either to confirm, deny confirmation of, or set aside a judicial sale of property." Id. at 359 (1).

*Rampersad* does not apply because Amisano is not seeking to *appeal* an order to prevent a foreclosure sale that has since been completed; she is seeking to set aside the default judgment that gave rise to the money judgment against her *and* the foreclosure of her property. A deed may be set aside from a void judicial sale. See

12

OCGA § 9-13-172; *Ga. Home Appraisers*, 349 Ga. App. at 359 (1). Accordingly, the trial court erred in concluding that Amisano's motion to set aside was moot.

4. Amisano contends that the trial court erred in denying her motion to set aside on the ground that the motion failed to adequately address all parties, namely the party that purchased the subject property.[2] Cross Creek contends that Miller Melons, LLC is the present owner of the subject property having purchased it at the foreclosure sale, and that it, therefore, is an indispensable party to any lawsuit seeking to challenge the foreclosure sale, and that the trial court correctly denied the motion to set aside on the ground that Amisano failed to include all necessary parties.

"Ordinarily, it is error to dismiss a complaint for failure to join an indispensable party. Rather, the party should be joined so the case can be considered on the merits." (Citation and punctuation omitted.) *Wilcher v. Way Acceptance Co.*, 316 Ga. App. 862, 866 (1) (730 SE2d 577) (2012). See OCGA § 9-11-19. Moreover,

---

[2] In a related argument, Cross Creek contends that Amisano did not petition the trial court to set aside the foreclosure sale and that she "did not actually request this relief in her [m]otion to [s]et [a]side." Pretermitting the fact that Cross Creek did not raise this argument below and that the trial court did not rule on it, we find it entirely without merit. Amisano's motion "seeks to set aside the default judgment against her" and asks the trial court to "set aside the judgment entered against her in Fulton County case number 2018CV312106 that takes her property." As set out above, after Cross Creek moved for default judgment, the trial court entered a final judgment for money damages (totaling $19,515.29) and a judgment of foreclosure.

13

dismissal "on the ground of failure to add an indispensable party is proper only after a finding that the party *is, in fact, indispensable*, and a showing that the plaintiff failed to join the party after being given an opportunity to do so." (Citation and punctuation omitted; emphasis supplied.) *Wilcher*, 316 Ga. App. at 867 (1). Here, the trial court denied the motion to set aside without engaging in the two-part analysis required by OCGA § 9-11-19. Because the trial court erred in denying the motion to set aside, we reverse that decision and remand the case for proceedings not inconsistent with this opinion.

*Judgment reversed and case remanded. Barnes, P. J., concurs. McFadden, P. J., concurs fully in Divisions 2, 3, and 4, and concurs specially in Division 1.*

14

A23A1088.  AMISANO  v.  CROSS  CREEK  CONDOMINIUM
        ASSOCIATION, INC.

MᴄFᴀᴅᴅᴇɴ, Presiding Judge, concurring fully in part and specially in part.

As to Division 1, I would not "interpret the phrase 'absent party' to include all others persons laid out in subsection (f) (1) (A)." But I come to the same result by a slightly different route. So I concur specially. I concur fully in the remainder of the opinion.

Division 1 construes one rather lengthy sentence in a subsection of our service-of-process statute, OCGA § 9-11-4 (f) (1) (C). The dispositive clause imposes a duty on the trial court clerk to "mail a copy of the notice" to "the party named in the order. . . ."

Cross Creek relies on a clause that imposes a duty on "the party obtaining the order" to provide the clerk the address of an "absent or nonresident party." That

language is irrelevant. It is unnecessary if the party to be served is not absent or nonresident.

The statute provides:

> Where the residence or abiding place of the absent or nonresident party is known, the party obtaining the order shall advise the clerk thereof; and it shall be the duty of the clerk, within 15 days after filing of the order for service by publication, to enclose, direct, stamp, and mail a copy of the notice, together with a copy of the order for service by publication and complaint, if any, to the party named in the order at his or her last known address, if any, and make an entry of this action on the complaint or other pleadings filed in the case.

OCGA § 9-11-4 (f) (1) (C).

There is no question that Amisano is the party named in the order. And as the majority explains, there is no entry on the complaint nor any other evidence that the clerk discharged their duty to mail a copy of the notice to her. So service was not perfected, and the judgment must be set aside.

2